OVERTON, J.
 

 This is a suit in which plaintiff sues to be decreed tbe owner of 209 bags of rice, amounting to one-fifth of the crop raised by defendant, which plaintiff alleges to be its property by tbe terms of a con
 
 *351
 
 tract to supply defendant with water to raise said crop; and, in the event that it (plaintiff) should not be decreed to be the owner of the 209 bags, then to recover judgment against defendant for the full value thereof for furnishing said water, and also to recover judgment recognizing and enforcing its lien and privilege for performing said service, and fox-certain storage charges, amounting, as appears from the record, to approximately $2'0, which it is alleged that defendant incurred, without sanction of law, against said 209 bags. Plaintiff, in bringing the suit, prayed for and obtained a writ of sequestration, under which the 209 bags were seized.
 

 In our examination of the case, our attention has been attracted to the fact that we have no jurisdiction of this appeal. There is only one-fifth of the crop, or 209 bags of rice, and the storage thereon, involved in plaintiff’s demand. The petition does not show the value of the rice, nor the amount of the storage. However, it appears elsewhere in the record that the storage is approximately $20, and it also appears elsewhere therein that defendant, in testifying on the trial of a motion to dissolve the writ of1 sequestration, swore that since the seizure rice had risen from $6.10 to $6.25 a barrel, and said that, if plaintiff would take the rice at $6.25 a barrel, plus the storage, and deposit the money to await the result of the suit, he would sell. It also appears that an agreement was entered into between plaintiff and defendant, through their counsel, by which defendant agreed to' sell the 209 bags to plaintiff for $6.25 a barrel and storage, except such as might be damaged, which should be graded and sold to plaintiff for what it might be wox-th, the proceeds to be deposited and paid to the successful litigant herein. As appears from defendant’s evidence on the trial of the motion to dissolve, $6.25 a barrel and storage would amount, approximately, to $7.50 a sack. This would make the rice worth approximately $1,567.50.
 

 Since, to vest this court with jurisdiction, the value of the thing in contest must exceed $2,000, it is obvious that we have no jurisdiction of plaintiff’s, demand. Constitution, § 10, art. 7. It is true that defendant filed a x-econventional demand in the case greatly exceeding $2,000, but the fact that that denxand is an issue in the case does not vest us with jurisdiction, for:
 

 “In all cases where there is an appeal from a judgment on a x-econventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand. If there be no-right of appeal on the main demand, the appeal shall lie to the court having jurisdiction of the reconventional demand.” Const. § 1, art. 7.
 

 One of the purposes of this provision is to make the main demand the basis for determining to which court the appeal shall lie, where an appeal lies from the judgment on that demand, whether the appeal be taken from the judgment on the principal and re-conventional demands or from either, and whether by the plaintff or defendant or both.
 

 In this case the Court of Appeal has jurisdiction. Const. § 29, art. 7; section 1, art. 7.
 

 No motion has been filed to dismiss this appeal or to transfer it to the Court of Appeal. To the contrary, defendant has answered the appeal. However, it is well settled that jurisdiction cannot be vested in this court by consent, and that we, of our own motion, should notice our lack of it.
 

 For the reasons assigned, this case is transferred to 'the Court of Appeal, First Circuit, to be disposed of according to law; the costs of the appeal to this court to be ■ paid by appellant.