*407
 
 HAMITER, Justice.
 

 For consideration in this case presently is a motion of plaintiff to dismiss the appeal of Walton B. Coney, one of the defendants, which was taken from a monetary judgment rendered against him.
 

 In the action plaintiff prayed for a solidary award of damages of $17,759.24 against Perry Timber Company, Luther F. Simmons, and Walter B. Coney, the basis of the demand being their alleged wrongful cutting and removing of certain pine timber from a tract of land in Tangipahoa Parish.
 

 •The district court, after trial, rendered a judgment in solido against all defendants. As to Perry Timber Company and Simmons it was for $3,416.35; however, as to Coney it was limited to the principal sum of $1,024.92. Also, the judgment directed payment of legal interest on the respective amounts from date of judicial demand.
 

 Orders of appeal to this court, suspensive and devolutive, were requested and obtained by the several defendants.
 

 In the motion to dismiss Coney’s appeal plaintiff _ complains first that the • bond of $1,600, which was timely furnished by that defendant, is inadequate for a suspensive appeal to the extent of $62.69. With respect to this complaint the law is that the sufficiency of an appeal bond must be tested primarily in the court of original jurisdiction. Act No. 112 of 1916, as amended by Act No. 284 of 1928; Durel v. Buchanan, 147 La. 804, 86 So. 189; Charvanel v. Esvard, 150 La. 305, 90 So. 658; Succession of Lissa, 194 La. 328, 193 So. 663; Blaize v. Cazezu, 208 La. 1081, 24 So.2d 147; Borgnemouth Realty Company, Limited, et al. v. Gulf Soap Corporation, 211 La. 255, 29 So.2d 841. And the record before us does not disclose that this legal requirement has been satisfied.
 

 But it is said on behalf of plaintiff that defense counsel was notified by letter, prior to the return date of the appeal, that the bond was insufficient in amount. (To this the latter replies that after receipt of the letter he posted a supplemental bond of $100, but it is not in the record.) Clearly, the procedure outlined in the above-cited statute relating to the testing of appeal bonds in the court of original jurisdiction contemplates a notice through judicial process, not one by mail.
 

 Moreover, Coney’s bond of $1,600, even if insufficient to suspend execution of the judgment (this we do not determine), certainly would sustain the devolutive appeal. This appears to be conceded by plaintiff, for in the brief it is stated:' “Normally, the appeal bond posted by the appellant, Walton B. Coney, could be considered adequate for a devolutive appeal, if this Honorable Court were vested with monetary jurisdiction, but it cannot suspend the op
 
 *409
 
 eration of the judgment rendered by the lower court. However, it is believed that the judgment is not sufficiently large to give the Supreme Court jurisdiction.”
 

 In connection with the last sentence of the quoted extract from his brief, plaintiff contends secondly that the appeal should be dismissed for the reason that the judgment against Coney is for only $1,024.92, whereas in order for this court to review it the amount thereof would have to exceed $2,000. Appellate jurisdiction in a case of this kind is not determinable by the sum which a defendant is condemned in the judgment to pay; rather, it is tested by the amount in dispute at the time the litigation is submitted to the trial court for decision. Crowell & Spencer Lumber Company v. Lynch et al., 157 La. 21, 101 So. 797; Chickasaw Wood Products Company v. Vail-Donaldson Company, 173 La. 59, 136 So. 87; Opelousas St. Landry Bank & Trust Company v. Fontenot et al., 173 La. 430, 137 So. 339; Hanover Fire Insurance Company et al. v. Southern Amusement Company, Inc., et al., 176 La. 631, 146 So. 316; State v. Cook et al., 197 La. 1027, 3 So.2d 114; Walker et al. v. Fitzgerald et al., 214 La. 293, 37 So.2d 712. When the instant case was so submitted for decision the disputed amount, according to the record, was much in excess of this court’s jurisdictional minimum.
 

 The motion to dismiss the appeal is denied.