50 So.2d 814

**TUCKER et al. v. WOODSIDE.**

No. 39696.

Feb. 12, 1951.

Ashton L. Stewart, Baton Rouge, for plaintiffs-appellants.

Jess Johnson, Baton Rouge, for defendant-appellee.

HAMITER, Justice.

John W. Tucker, the owner and possessor of a tract of land of approximately 549.56 acres located in East Baton Rouge Parish, commenced this proceeding on June 15, 1949, as an action in jactitation. In

the petition he alleged that Edward L. Woodside, the defendant, is slandering his title by claiming to have rights thereto by virtue of a restrictive building recital contained in a link of his chain. The recital, found in a deed executed by the said Edward L. Woodside and others in favor of a Mrs. Lillie S. Roberts, is as follows: "And now the said purchaser hereby binds and obligates herself unto the said Edward L. Woodside, never to build or permit the building of any saloon, nightclub or tourist court upon the property herein conveyed."

Also Tucker alleged damages resulting from the slander in the amount of $3,000.

One Charles G. Phares, who sold the property to Tucker for a cash consideration of $20,000, joined the latter in the suit under the provisions of a certain contract between them dated March 31, 1949, hereinafter discussed and a triplicate original of which was annexed to the petition.

Defendant answered, pleading estoppel and praying that the above quoted recital or stipulation be decreed to be a covenant running with the land and, therefore, binding upon plaintiffs, the successors and assigns of himself and Mrs. Lillie S. Roberts.

The case was tried exclusively on a stipulation of fact in which reference to the claim for damages was omitted. In view of the omission clearly that claim was abandoned before trial; too, in one of the briefs filed here the statement is made that by agreement it was abandoned.

Following the submission of the case the district court considered it on briefs of counsel, sustained defendant's plea of estoppel, and decreed, on November 3, 1949, that the suit be dismissed. Plaintiffs appealed.

After the appeal was perfected and the record lodged here Talmadge Dennis Bickham Sr., and Talmadge Dennis Bickham, Jr., filed a motion in which they prayed to be admitted as parties to the suit, they alleging their acquistion of the land by purchase from John W. Tucker since the rendition of judgment by the district court. Also filed was a certified copy of the deed, dated August 22, 1950, which evidenced movers' purchase for a recited total consideration of $20,000.

In making a study of the record in this cause we directed our attention first to the written contract, above referred to, which was entered into between Phares and Tucker (the plaintiffs) on March 31, 1949, this being also the date of the deed by which the former conveyed the property to the latter. In this contract the parties gave recognition to a previous agreement whereby Phares would sell the land to Tucker for the price of $22,000, payable in cash upon approval of title by Tucker's attorney; they took notice of the existence of the mentioned restrictive building recital or stipulation contained in the chain of title, their attention to which had been called by the attorney for Tucker after making the title examination; they agreed that Phares

would transfer and convey the property to Tucker, by valid and warranted title, for the cash payment of $20,000; and they made provision for seeking the nullification of the restrictive building stipulation, either amicably or through court action. Further, the parties, in that contract, agreed:

"That if final judgment of court decrees that the stipulation referred to is binding upon John W. Tucker and future owners of the land and restricts the use of the property accordingly, then John W. Tucker will pay the amount of court costs in the said litigation and attorney's fees in the sum of $150.00 for the proceedings up through the district court and an additional $150.00 in the event the case is appealed to the Supreme Court where final judgment is rendered, total fees and costs not to exceed $400.00, and Tucker will owe Phares nothing.

"That in the event the final judgment of court decrees that the said stipulation has no effect upon John W. Tucker or any subsequent owner, and does not effect a restriction upon the use of the land by John W. Tucker or any subsequent owner, then the said John W. Tucker shall pay and he hereby binds and obligates himself to pay unto Charles G. Phares an additional $2,-000.00, making the total purchase price of the land $22,000.00, and in this event Charles G. Phares shall pay all court costs and attorney's fees not to exceed $400.00, and the total amount which John W. Tuck-

er will owe will be the $2,000.00 additional on the purchase price."

Witnessing the signatures of Phares and Tucker to the contract were the two attorneys of record in this cause.

█ In view of the mentioned contractual provisions it is clear that this court has no jurisdiction of the appeal. Our appellate jurisdiction in civil suits of this nature obtains "where the amount in dispute * * * shall exceed two thousand dollars exclusive of interest". Section 10, Article 7, Constitution of 1921. The phrase "the amount in dispute", as thus used, includes within its meaning the value of a thing or right where it, instead of an amount, is in dispute. A. Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459; Baker v. Duson, 192 La. 391, 188 So. 40; Frierson v. Cooper, 196 La. 450, 199 So. 388; Plauche v. Albert, 215 La. 776, 41 So.2d 677.

█ In contest here is a thing or right; it is the right of Tucker (or his heirs and assigns) to use the land without being restricted by the obligation assumed by Mrs. Roberts (his ancestor in title) in favor of Edward L. Woodside "never to build or permit the building of any saloon, night-club or tourist court upon the property herein conveyed." Whether Tucker has that right of unrestricted use depends upon a determination in this cause of the single issue of whether such stipulation is a covenant running with the land or is

merely a personal obligation of Mrs. Roberts. And the right, presently disputed, has been valued by these plaintiffs in their solemn contract of March 31, 1949, at exactly $2,000. Thus, as before shown, it was agreed that Tucker would give to Phares $20,000 cash for the property (he has paid this as is evidenced by the deed executed on the same date), even though the final judgment of court might decree the restrictive stipulation to run with the land; and that he would pay an additional $2,000 if it be decreed finally that such stipulation does not effect a restriction upon the use of the land. Therefore, since the value of the right or thing in dispute does not *exceed* $2,000, we are powerless to entertain the appeal.

We are cognizant, of course, of the joint stipulation of counsel, entered into after the judgment of the district court was rendered and signed, to the following effect:

"That for the sole purpose of determining appellate court jurisdiction, it is stipulated that plaintiffs and defendant admit that numerous persons, including realtors, if called to testify herein, would testify that the value of the property owned by plaintiff, John W. Tucker, which is more fully set forth in the petition, will be diminished greatly in excess of $2000.00 in the event the right asserted by defendant as to such property is recognized as binding on plaintiffs and said property.

"That plaintiffs and defendant each value the use of the said property at issue in this cause greatly in excess of $2000.00."

■ But it is well settled that jurisdiction cannot be vested in this court by consent. Louisiana State Rice Milling Company, Inc., v. Gage, 162 La. 350, 110 So. 555; Reeves v. Barbe, 200 La. 1073, 9 So. 2d 426. Furthermore, we are compelled to notice ex proprio motu our lack of jurisdiction where such is clearly shown, as here, by the record. Gaillardanne v. Locascio, 182 La. 539, 162 So. 69.

■ Distinguishable from the instant litigation, wherein merely a right of use is disputed, are those cases in which the ownership of land is in contest. In them the appellate jurisdiction is determinable by the value of the land, or the disputed particular interest, involved.

For the reasons assigned it is ordered that this cause be transferred to the Court of Appeal, First Circuit, pursuant to the provisions of Act 19, 1912, LSA–RS 13–4441, 13:4442, the record to be filed in such court by appellants within thirty days from the date on which this decree shall become final; otherwise, the appeal shall stand dismissed.