56 So.2d 843

**MARTIN et al. v. CARROLL et al.**
No. 39907.

Jan. 14, 1952.

Madison, Madison, Files & Shell, Monroe, W. D. Cotton, Rayville and Paul Sullins, Crossett, Ark., for defendants-appellants.

Charles H. Dameron and J. D. DeBlieux, Baton Rouge, for plaintiffs-appellees.

HAMITER, Justice.

Plaintiffs instituted this suit to recover an undivided one-half interest in and to a tract of land in Morehouse Parish containing 119.56 acres. The district court rend-

ered a judgment in their favor, as they had prayed, and the defendants are appealing.

■ From an examination of the record it does not appear that this court has jurisdiction of the appeal. In suits of this nature we are permitted to entertain jurisdiction only where it is clearly shown that the value of the disputed interest in the land exceeds $2000. . Section 10, Article 7, Constitution of 1921. No value of the one-half interest contested herein is recited in the pleadings of the parties; and the highest value thereof disclosed by the evidence (computed on a basis of $4 per acre) is $239.12.

■ True, the record contains a stipulation reading: "It is agreed by counsel for both sides that the value of the property in contest, for jurisdictional purposes, be considered as in excess of $2000." But it is well settled that jurisdiction cannot be vested in this court by consent. Louisiana State Rice Milling Company, Inc., v. Gage, 162 La. 350, 110 So. 555; Reeves v. Barbe, 200 La. 1073, 9 So.2d. 426; Tucker v. Woodside, 218 La. 708, 50 So.2d 814.

■ Therefore, it is ordered that this cause be transferred to the Court of Appeal, Second Circuit, pursuant to the provisions of LSA–R.S. 13:4441, the record to be filed in such court by appellant within 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed.