For the reasons assigned, the judgment appealed from is affirmed.

59 So.2d 882

NEWMAN et al. v. McCLURE et al.

No. 37253.

June 2, 1952.

Parker & Parker, New Orleans, Fred G. Benton, Spaht & Holcombe, Baton Rouge, for plaintiffs-appellants.

George V. Cotton, Winnsboro, W. D. Cotton, Rayville, Thompson & Thompson, Winnsboro, for defendants-appellees.

McCALEB, Justice.

This is a petitory action in which the plaintiffs seek to be recognized as owners in indivision with one Harvey McClure, in the proportion of ⅘ to them and ⅕ to McClure, of 80 acres of land situated in the Parish of Catahoula. The suit was dismissed on an exception of no right or cause of action and a plea of estoppel. Plaintiffs appealed to this Court from the adverse decision.

At the outset, we notice the lack of an affirmative showing that the value of the interest claimed in the land exceeds

$2,000, the minimum of our appellate jurisdiction under Section 10 of Article 7 of the Constitution. The value of the ⅘ interest asserted by plaintiffs is not alleged in the pleadings and the only evidence in the record on this subject is that McClure paid $640 for the entire tract when he purchased it on October 21, 1936.

It is nevertheless maintained that we are vested with jurisdiction of the case because counsel for the litigants stipulated on June 7, 1943, just prior to the filing of the appeal, that the land in controversy is worth more than $2,000.

The agreement is without effect; our appellate jurisdiction cannot be conferred by consent of the parties; Louisiana State Rice Milling Co. v. Gage, 162 La. 350, 110 So. 555; Reeves v. Barbe, 200 La. 1073, 9 So.2d 426; Tucker v. Woodside, 218 La. 708, 50 So.2d 814 and Martin v. Carroll, 220 La. 481, 56 So.2d 843; it must affirmatively appear from the record. New Orleans & Northeastern R. Co. v. Redmann, 210 La. 525, 27 So.2d 321; Thalheim v. Gruhler, 216 La. 502, 43 So.2d 907 and Succession of Derouen, 216 La. 957, 45 So.2d 91.

It is therefore ordered that this appeal be transferred to the Court of Appeal, Second Circuit, provided that the record is filed in that court within 30 days from the date within which this decree shall become final; otherwise, the appeal shall be dismissed. The costs incurred in this court are to be paid by plaintiffs.