McINNIS, Judge.
This is a petitory action coupled with a demand that certain tax sales of 80 acres of land in Catahoula Parish, Louisiana, be decreed null and void, and decreeing plaintiffs to be the owners of % interest in the land. Plaintiffs allege that they are descendants and sole heirs of Nelson Newman, who died intestate in 1887, and his wife, Rebecca M. Newman, who died intestate in 1921, however they make claim to only % interest in the land, and admit that Harvey B. McClure, one of the de *127 fendants, has a valid title to % interest. The tax sales and sales by the several tax purchasers are as follows:
1. Sale by the Sheriff June 14, 1923, recorded in Conveyance Records of Cata-houla Parish, Book 32, Page 561 to C. F. Farrar for the taxes of 1922, assessed in the name of Mrs. R. M. Newman.
2. Sale from C. F. Farrar by warranty deed, August 7, 1924 to Mary V. Love, recorded in Book 33, Page 107.
3. Sale by the Sheriff July 11, 1925 recorded in Book 34, Page 47 to Ernest Young for the taxes of 1924, assessed in the name of Mary V. Love.
4. Sale from Ernest Young by quitclaim and redemption deed July 20, 1926 to Mary V. Love, recorded in Book 35, Page 195.
5. Sale by the Sheriff, July 2, 1927, recorded in Book 36, Page 39, to S. R. Yan-cey and J. C. Hardin, for the taxes of 1926, assessed in the name of Mrs. R. M. Newman Estate.
6. Sale from S. R. Yancey and J. C. Hardin, being a redemption deed July 26, 1927 to Mary V. Love, recorded in Book 36, Page 62.
7. Sale from Mary V. Love and children October 21, 1936 to Harvey B. McClure, recorded in Book 43, Page 258.
Causes assigned for nullity of the tax sales described above are:
(a) That while assessed under a correct description, the assessments for each of the years set forth were in the name of the wrong person; that the assessments should have been made in the name of the Estates of Nelson and Rebecca Stone Newman, or in the names of their heirs.
(b) That Mrs. R. M. Newman, in whose name the sale for taxes due for the year of 1922 was made, had been dead for at least two years prior to the assessment and sale, and she had been dead six years when the tax sale was made to S. R. Yan-cey and J. C. Hardin.
(c) That said tax sales were made without notice to any of them, either collectively or individually.
(d) That each of the sales were made under improper assessments in the name of Mrs. R. M. Newman Estate, when they should have been assessed in the name of the surviving descendants and heirs or, in any event, in the name of the Estates of Nelson and Rebecca Newman.
(e)That, irrespective of the validity or invalidity of the tax sales hereinabove referred to, that the property was conveyed by C. F. Farrar, Ernest Young, S. R. Yan-cey and J. C. Hardin to Mary V. Love, who was a sister of some of the petitioners and an aunt of others, and since Mary V. Love was a co-owner and a co-heir, that the effect of said deeds was to redeem the property from the effects of the tax sale set forth, and such redemption inured to the benefit of the petitioners.
Defendant Harvey B. McClure filed the following exceptions:
(1) Improper cumulation of causes of actions and demands, and in the alternative, a motion to elect.
(2) Misjoinder of parties.
(3) Exception of no cause and no right of action.
(4) Plea of Estoppel.
(5) Plea of prescription of five years provided by Section 11 of Article 10 of the Constitution of Louisiana.
The minutes of court reflect that on March 16, 1942, the plea of estoppel was set for trial, and show no fixing of the exception of no cause and no right of action, however, the note of evidence reflects that on May 8, 1942 the exception of no right of action and the plea of estoppel were tried. Complaint is made in brief of plaintiffs that the exception of no cause and no right of action was never fixed for trial, but it appears that this complaint should have been made in the trial court.
After trial of the exception and plea and after briefs had been submitted, the district judge, on October 23, 1942, rendered judgment, sustaining both the exception and the plea of estoppel, and the decree was signed April 19, 1943. On June 21, 1943 a stipulation of the attorneys to the effect that the property in contest is worth more than $2,-000 was filed and a devolutive appeal was-granted plaintiffs to the Honorable Supreme Court.
*128 There is no proof of value of the property, and in view of the many cases holding that appellate jurisdiction cannot be conferred by stipulation, the appeal was transferred to this court, 221 La. 556, 59 So.2d 882.
The date of recordation of the several tax deeds is not shown, nor the date of the recordation of the deeds to Mary V. Love, however in view of the conclusion we have reached, this is unimportant at this time.
We find no difficulty in reaching the conclusion that all of the deeds by tax purchasers to Mary V. Love were in fact redemptions of the property from the tax sales, and had the effect of reinvesting the title as it was before the tax sales were made. This conclusion makes it unnecessary to decide whether the tax sales were valid. This being true, the co-owners of the property had the right in a reasonable time, while the record title stood in the name of Mary V. Love, to pay their proportionate part of the taxes and have it placed back in their names, Bossier v. Herwig, 112 La. 539, 36 So. 557, and many other cases to the same effect. These co-owners, however, ran the risk that Mary V. Love might sell the property to an innocent purchaser. Mary V. Love did sell the property to McClure on October 21, 1936, and this suit was filed August 26, 1941.
The plea of estoppel alleges that plaintiffs by their long silence while the title was in the name of Mary V. Love and McClure without attempting to pay their part of the taxes, and after the property became valuable for its mineral prospects, are now estopped to question the title of Mary V. Love, and especially the title of McClure, a third party, without notice of any equities that may have existed between members of the same family.
On trial of the plea of estoppel and the exception of no right of action McClure testified that he immediately took possession of the property and built houses and fences and cleared a part of it and has cultivated it since his purchase, and that prior to taking title to it he had Mr. Arthur Taliaferro, an attorney, examine the title and was advised by him that the title was good. Mr. Taliaferro testified to the same effect. McClure admitted that he knew the property as the “Newman Place”, and that he knew some of the members of the family. He says that a long time after he purchased the land Spencer Newman told him the land belonged to the Newman heirs, but that this was after he had taken possession of it and improved it.
Spencer Newman testified that he told McClure before any improvement whatever had been made on the land that it belonged to the Newman heirs. He testified also that one of the heirs, William B. Newman, lived on the place until 1927, and that he did not know that Mrs. Love was claiming to own the entire property. When counsel for plaintiff undertook to offer evidence from this witness and Ernest Newman in reference to payment of the taxes objection was made and sustained to such evidence.
There are many cases holding that when a co-owner purchases property at tax sale and it is allowed to remain of record for a long time, a conveyance to an innocent third person estops the co-owner from questioning the title of such innocent purchaser. Some of these cases are:
Cooper v. Edwards, 152 La. 23, 92 So. 721; Skannal v. Hespeth, 196 La. 87, 198 So. 661; Keller v. Haas, 209 La. 343, 24 So.2d 610.
But plaintiffs say that there are but two questions in this case. 1. Did plaintiffs lose their rights by the mere lapse of time ? 2. Was the defendant an innocent third party? And that for defendant to prevail, both questions must be answered in the affirmative. Under the present state of the record we do not believe we are in the position to answer these questions at this time.
That' estoppels are not favored in the law of this state is so well settled that no citation of authority is necessary, however, plaintiffs have cited many cases in the briefs filed in this case.
We do not know whether or not plaintiffs can prove anything in regard to the payment of the taxes, or anything to *129 show that McClure had knowledge of any equities between Mrs. Love and the other Newman heirs, but we believe they have the right to try to prove these things to show, if they can, that McClure was not an innocent third party.
We do not believe the record as made up at this time, warrants sustaining the plea of estoppel and the exception of no right of action, and that plaintiffs ought to be allowed to try the case on the merits.
For these reasons the judgment appealed from is annulled and set aside and the casé is remanded to the lower court for further proceedings consistent with the law and the views herein expressed, without prejudice to defendant’s rights under the plea of estoppel and the exception of no right of action. Costs of this appeal to be paid by defendant, appellee. All other costs to await final action in this case.