**64 So.2d 6**

**ADGER et al. v. OLIVER et al.**

**No. 40165.**

Feb. 16, 1953.

Rehearing Denied March 23, 1953.

Campbell & Padgett, Bossier City, and Tucker, Bronson & Martin, Shreveport, for defendants-appellants.

Blanchard, Goldstein, Walker & O'Quin, Shreveport, for defendants-appellees.

Wallace & Stinson, Benton, for plaintiffs-appellees.

McCALEB, Justice.

This suit, which originated as one in jactitation and was thereafter converted into a petitory action by the answers of the defendants, involves the ownership of 20 acres of land located in Bossier Parish.

In the lower court, a plea of the 10-year acquisitive prescription filed by plaintiffs was sustained and they were recognized as owners of the land. The defendants have appealed to this court from the adverse decision.

An examination of the record discloses that we are without jurisdiction of the appeal. Since review of the cause here is founded solely on that provision of Section 10 of Article 7 of the Constitution vesting this court with appellate jurisdiction in all cases where the amount in dispute or the fund to be distributed exceeds $2,000, it was essential under the well-settled jurisprudence that it be affirmatively shown, by the pleadings or the proof, that the land in controversy is worth more than that amount. Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513 and cases there cited. Yet, the record does not exhibit a value of more than a few hundred dollars.

It is, nonetheless, contended by appellants that we have the right to entertain the appeal because counsel for all litigants stipulated after judgment, but before the appeal was lodged here, that the value of the property exceeds $2000. This agreement will not be considered; jurisdiction cannot be conferred by consent of the parties. Louisiana State Rice Milling Co. v. Gage, 162 La. 350, 110 So. 555; Reeves v. Barbe, 200 La. 1073, 9 So.2d 426; Tucker v. Woodside, 218 La. 708, 50 So.2d 814; Martin v. Carroll, 220 La. 481, 56 So.2d 843 and Newman v. McClure, 221 La. 556, 59 So.2d 882.

It is therefore ordered that this appeal be transferred to the Court of Appeal, Second Circuit, provided that the record is filed in that court within 30 days from the date of the finality of this decree, otherwise, the appeal shall be dismissed. The costs incurred in this court are to be paid by appellants.