**65 So.2d 897**

**BEENE et al. v. PARDUE et al.**

**No. 40827.**

June 1, 1953.

Bullock & Bullock, Shreveport, for defendants-appellants.

H. C. Walker, Jr., Robert Roberts, Jr., Gilbert L. Hetherwick and George Conger, New Orleans, for intervenor-appellee, Arkansas Fuel Oil Corp.

W. M. Phillips and W. S. Waller, New Orleans, for plaintiff-appellee, Walter Harlan Beene.

LE BLANC, Justice.

This is a suit to have a boundary line between the adjacent properties of the respective parties litigant, situated in Caddo Parish, judicially fixed. The land involved between the disputed lines consists of a strip approximately 80 x 1320 feet.

After trial in the district court, judgment was rendered on March 10, 1952, fixing the boundary and on March 21, 1952, the judgment so rendered was signed.

On the same day that the judgment was signed, all parties to the suit entered into a stipulation to the effect that the property involved had a value in excess of $5000. Five days later, that is, on March 26, 1952, an appeal was taken to this Court. After the appeal had been perfected, affidavits executed by four individuals alleged to be familiar with the property involved were filed in this Court, all to the effect that it had a value of more than $2500.

Nowhere in the record other than in the stipulation referred to and in the affidavits filed in this Court is it shown what the value of the strip of land in contest is. The recent rulings of this Court all strongly indicate that before jurisdiction on the basis of the amount in contest or dispute will be entertained, the record in each case must affirmatively show what the amount is and also, that it is the amount in dispute at the time the case is submitted to the trial court that determines jurisdiction. See

Kennedy v. Perry Timber Co., 217 La. 401, 46 So.2d 312 and cited cases.

Stipulations such as the one entered into in this case after judgment will not be considered when tendered to support appellate jurisdiction—for jurisdiction cannot be conferred by consent of the parties. See Adger v. Oliver, 222 La. 793, 64 So.2d 6 and the numerous cases therein cited.

Likewise the Court will not give consideration to affidavits as to the value of the property involved in the suit for the purpose of fixing appellate jurisdiction for the reason that this Court, being one of appellate jurisdiction only, except in certain specified cases, is restricted to a study and review of the record as made up in the Court a qua. See Duplantis v. Locascio, 223 La. 11, 64 So.2d 624, and several cases cited therein, especially Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513 and Succession of Wesley, 222 La. 411, 62 So.2d 625.

Therefore, by virtue of the authority vested in this Court under the provisions of LSA–R.S. 13:4441, 13:4442, it is ordered that this case be transferred to the Court of Appeal, Second Circuit of Louisiana, within thirty days from the finality of this decree; otherwise the appeal will be dismissed. Costs of this appeal and of transferring the appeal are to be paid by the appellant; all other costs to await the final disposition of the case.