**66 So.2d 587**

**WAINER et al. v. KIRN.**

**No. 40478.**

July 3, 1953.

Guy L. Deano, Jr., New Orleans, for plaintiff-appellant.

Chester Ford, Frederick G. Veith, New Orleans, for defendant-appellee.

HAMITER, Justice.

As the heirs of one Harry Wainer, who allegedly purchased at a tax sale four small

lots of ground in the City of New Orleans, plaintiffs instituted this action to set aside subsequent tax sales under which the defendant claims title to the same property.

The suit was dismissed in the district court, and plaintiffs appealed to this court.

Since the record does not affirmatively show that the property in dispute is valued in excess of $2,000, which is our jurisdictional minimum, we cannot entertain the appeal. True, counsel stipulated at the conclusion of the trial that it was worth more than $2,500. But the stipulation is without effect, consent of the parties being inappropriate and insufficient for conferring appellate jurisdiction. Tucker v. Woodside, 218 La. 708, 50 So.2d 814; Martin v. Carroll, 220 La. 481, 56 So.2d 843; Newman v. McClure, 221 La. 556, 59 So.2d 882; Adger v. Oliver, 222 La. 793, 64 So.2d 6; Beene v. Pardue, 223 La. 417, 65 So.2d 897, decided June 1, 1953.

Therefore, it is ordered that this cause be transferred to the Court of Appeal, Orleans Circuit, pursuant to the provisions of LSA–R.S. 13:4441 and 4442, the record to be filed in such court by appellants within thirty days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. Appellants shall pay the costs of the appeal to this court, and all other costs shall await final disposition of the case.