66 So.2d 785

**STATE ex rel. WARREN REALTY CO., Inc. v. CITY OF NEW ORLEANS.**

No. 39775.

July 3, 1953.

Delvaille H. Theard, New Orleans, for relator-appellant.

Henry B. Curtis, City Atty., and Jorda S. Derbes, Asst. City Atty., New Orleans, for defendant-appellee.

LE BLANC, Justice.

This is a mandamus proceeding by which the relator, Warren Realty Co. Inc., seeks to compel the City of New Orleans,

through its Mayor, deLesseps S. Morrison, to deliver to it a deed of sale in appropriate form, evidencing the public adjudication to it at an auction sale held on September 16, 1949, of a certain portion of ground, with buildings and improvements thereon, situated in the Sixth District of the City of New Orleans, in Square No. 621.

Relator avers that it paid the purchase price, being the amount of its bid at said public sale, to wit: the sum of $350, that being in full and final payment and satisfaction of all municipal taxes, paving and other local improvement assessments, together with all costs thereon, due and exigible at the time of making said sale.

It avers further that the statute under which said sale was made provides that the purchaser who complies with his bid by paying the price of adjudication shall receive a deed, the charge thereof being the sum of $5 plus $1.50 for recordation, all of which it has paid.

Respondent, City of New Orleans, admitted in answer that it had conducted a sale of the property in question on September 16, 1949, in accordance with the provisions of Act 112 of 1938, LSA–R.S. 33: 2861 et seq., and that relator was the high bidder at said sale and paid the sum of $350 which money was being held in a special fund pending the payment of the balance of $3,206.92 representing the amount of municipal taxes and paving assessments due on the property and which must be paid before title can be transferred.

Respondent avers that it has been willing and ready to transfer title to relator provided the said balance of $3.206.92 was paid and that on October 20, 1949 relator was advised by letter that if it was not paid before October 25, 1949, the deposit of $350 would be forfeited and the property re-advertised for sale.

After trial in the Court below there was judgment dismissing relator's proceeding and ordering the City to return to it its deposit of $350. From that judgment relator took and has perfected an appeal to this Court.

In their brief, counsel for the City of New Orleans suggest lack of the appellate jurisdiction of this Court on the basis that the demand of the relator is merely one to compel the City to deliver to it "a deed in appropriate form" to the property which was adjudicated to it for $350 and that in its answer the City did not ask for specific performance and that relator be ordered to pay the delinquent taxes and paving assessments amounting to the sum of $3,206.92. That amount, it contends, is not at issue.

We are of the opinion that there is merit in Counsel's suggestion and that we do lack appellate jurisdiction of the case.

In suits where the object is to compel a defendant to deliver title to real property, the amount in dispute is to be determined by the value of the property, title to which is demanded. That is the

amount in dispute and which fixes appellate jurisdiction under section 10 of art. VII of the Constitution of 1921. Nowhere does the record affirmatively show what the value of the property involved in this proceeding is. That is an indispensable requirement. See Kennedy v. Perry Timber Co., 217 La. 401, 46 So.2d 312. Relator is demanding title from the City because, it contends, it has paid $350, for which sum the property was adjudicated to it. The City admits the adjudication and the payment but contends that before title can be transferred, all delinquent municipal taxes and paving assessments amounting to $3,206.92 must be paid. It does not claim this as any part of the value of the property but only that it is an accumulation of delinquent taxes and assessments levied against it and which have to be paid and accounted for before title can pass.

Under the circumstances which present themselves this Court is without appellate jurisdiction of the case and it will accordingly be transferred to the proper Court of Appeal.

By virtue of the authority vested in this Court under the provisions of LSA–R.S. 13:4441, 13:4442, it is ordered that this cause be transferred to the Court of Appeal for the Parish of Orleans, the record to be filed in said Court by appellant within thirty days of the finality of this decree; otherwise the appeal to stand dismissed. All costs of this appeal shall be paid by appellant and all other costs to await the final determination of the cause.