71 So.2d 561

**ABBOTT v. TEMPLE et al.**

**No. 40056.**

March 22, 1954.

`Wilson, Abramson & Maroun, Shreveport, for plaintiff-appellant.

Morgan, Baker & Skeels, Shreveport, for defendant-appellee.

McCALEB, Justice.

In a suit entitled A. H. Temple v. The Croswell Company, Inc., No. R–9174 of the docket of the City Court of Shreveport, defendant obtained a judgment for $418.51 with legal interest and costs. Thereafter, pursuant to a writ of fieri facias issued under this judgment, the marshal of the City Court seized certain movable property allegedly belonging to Croswell Company. Prior to the sale of this property under the writ, plaintiff herein, H. C. Abbott, claiming ownership of the movables by virtue of a purchase made by him at sheriff's sale, instituted this proceeding against Temple, The Croswell Company, Inc., and the city marshal, seeking to enjoin the sale. He obtained a preliminary injunction but, following a trial on the merits at which Temple resisted his demand on the ground that he had not acquired a valid title to the property, the judge revoked the preliminary injunction and dismissed the suit.

From the adverse decision, plaintiff timely appealed to the Court of Appeal for the Second Circuit. That court refused to accept jurisdiction of the case on the ground that the amount in dispute exceeded $2,000 and transferred the matter here. This ruling was predicated on the premise that the suit involved the ownership of a miscellaneous lot of chattels, allegedly valued at $2,700. And the court also observed that

there was an admission in the note of evidence "presumably concurred in by both sides, that said chattels have a value in excess of $2000." See La.App., 47 So.2d 443.

 We think it clear that the Court of Appeal erred in holding that it did not have jurisdiction of the appeal. To begin with, there is no proof exhibiting that the seized chattels are worth more than $2,000. Plaintiff's allegation that their value is $2,700 is denied by defendant and the admission, referred to by the Court of Appeal, that the chattels have a value in excess of $2,000 was made by counsel for plaintiff and, so far as the record shows, was not concurred in by defendant.[1]

But, further than this, although the case involves plaintiff's title to the seized articles, the amount in dispute, which is the criterion of jurisdiction in a case of this kind, is only $418.51, plus interest and costs, or a sum much less than the minimum jurisdiction of this court as defined by Section 10 of Article 7 of the Constitution. In other words, whereas plaintiff's title is at issue, it is only challenged to the extent of $418.51, the amount which defendant seeks to collect in satisfaction of his judgment.

Accordingly, it is ordered that the appeal be retransferred to the Court of Appeal, Second Circuit, pursuant to the

provisions of LSA-R.S. 13:4441–4442, the record to be filed in that court by appellant within thirty days from the date on which this decree shall become final; otherwise, the appeal shall stand dismissed. Appellant is to pay the costs incurred in this court, the taxation of all other costs is to be deferred until final disposition of the case.

---

1. Even if it had been, it would not have conferred jurisdiction on this court as it is well settled that appellate jurisdiction cannot be stipulated. Adger v. Oliver, 222 La. 793, 64 So.2d 6 and cases there cited.