TATE, Judge.
Plaintiff-corporation (hereinafter denoted as “Gaylord”) appealed from, judgment dismissing its suit filed April 7, 1953, for recognition of its ownership of 154 acres of land in Livingston Parish, being Lot No. 4 (120 acres) and Lot No. 5 (34 acres).per plat of survey of L. Q. Huey in 1908. Defendant-appellee filed in this court exceptions of no right and cause of action; and also moved to dismiss the appeal, alleging by affidavit of counsel that the value of the property in question ' far exceeds :$2,000, this Court’s jurisdictional limit.
1. Motion to Dismiss the Appeal.
Until the very recent past, when the record as here was silent as to the value or amount in controversy, the. affidavit' of a party filed in, the appellate court was considered in determining whether there was •appellate jurisdiction in the court in question, see cases cited, New Orleans and Northeastern Railroad Company v. Redmann, 210 La. 525, 27 So.2d 321, at page 324; Frierson v. Cooper, 196 La. 450, 199 So. 388; Id., La.App., 196 So. 75.
However, commencing with Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513, for the reasons set forth in Succession of Wesley, 222 La. 411, 62 So.2d 625, 'and followed in numerous cases thereafter, our- Supreme Court has refused to consider affidavits filed in the appellate court for purposes of establishing jurisdictional amount on thé ' ground that the Supreme Court has only appellate and not original jurisdiction, and therefore cannot consider evidence first filed before it. It has also held that the parties cannot confer appellate jurisdiction by stipulation, either after judgment as in Adger v. Oliver, 222 La. 793, 64 So.2d 6, or apparently even before judgment, as in Martin v. Carroll, 220 La. 481, 56 So.2d 843. Jurisdiction not affirmatively appearing by sworn testimony that the value in controversy exceeds $2,000, the Supreme Court has transferred the case to the appropriate Court of Appeal.
In two cases just published in the advance sheets, the Supreme Court has further held that the Courts of Appeal cannot remand an appeal to the district court for purposes of fixing appellate jurisdiction, Beene v. Pardue, 226 La. 606, 76 So.2d 902; Ilardo v. Agurs, 226 La. 613, 76 So.2d 904; even though, as in the Beene case, all parties thereto had agreed both by stipulation in the District Court and by affidavits earlier filed in the Supreme Court, 223 La. 417, 65 So.2d 897, that the value in dispute was at least $2,500.
Under these recent cages, the Courts of Appeal as courts of general appellate jurisdiction must accept jurisdiction of all appeals unless the record affirmatively shows appellate jurisdiction in the Su•preme Court by proof deemed competent by ■the Supreme Court. The present record is devoid of evidence as- to value of the land in controversy.
*111 Defendant-appellee’s motion to dismiss is denied.

2. Exception of No Right and Cause of Action.

Defendant-appellee Stilley filed in this Court an exception of no right and cause of action, since allegedly because of certain deficiencies and inconsistencies the petition fails to state a cause of action under the technical requirements of the pe-titory or any other real action. This contention was raised for the first time in this court. The suit was tried and the evidence admitted without objection, each party claiming possession as well as ownership, and each attempting to establish title to the land in question. This exception is therefore overruled.
3. On the Merits.
The District Court’s judgment dismissed plaintiff’s suit and recognized defendant, Ernest Stilley, as the owner of the property described in defendant’s Exhibit 1 (D-l) as follows:
“'A certain piece of land lying in the Fourth Ward of the Parish of Livingston, and being all that portion of Headright Section Forty-four and Forty-five TSR6&T 5 R 5 E, lying West of the public Road that leads from the E. B. Starns Bridge to Independence and said land is lying within the following boundaries, Bounded •North by John F. Starns, East by the Public Road that leads from E. B. Starns Bridge to Independence, South by E. F. Stilley, and West by Tickfaw River, said public road is to be the foundational line on the East side of the within described land, being the same land acquired by this vendor from John W. Stilley as per act of before J. W. Whitehead, North Public of date June 16th, 1906, and recorded in Book 16, page 423 & 430.”
This is the description contained in a conveyance from Burlin Starns to Edward F. Stilley, dated December 5, 1906, recorded COB 17, p. 203, Livingston Parish, introduced in evidence (P-11, D-8) as the common origin of title of both parties’ claim to any portion of Lot No. 5, the 34-acre tract lying south and west of the Stilley home place. It is unnecessary to deraign title back of the title of the common author, since neither party can, attack the title of their common author, Pecot v. Prevost, 117 La. 765, 42 So. 263; Brown v. Mayfield, La.App., 45 So.2d 912.
The above tract was described as bounded “North by John F. Starns”, referring to a 120-acre tract across the northern end of the Stilley headright (homestead) which was subsequently sold by John F. Starns to Burlin Starns on May 15, 1907, recorded COB 18, p. 143, Livingston Parish (P-13). This is the Lot No. 4 north of the Stilley home place, and defendant in his testimony did not contest Gaylord’s title thereto or possession thereof.
The learned trial judge failed to assign any reasons for his judgment recognizing Stilley as owner of Lot No. 5.
He either overlooked or refused to consider as a valid conveyance the re sale by Edward F. Stilley' (defendant’s father and ancestor in title) to Burlin Starns (defendant’s ancestor in title) of a portion of this tract on January 6, 1908, by Cash Sale recorded at COB 23, p. 252, Livingston Parish (P-14), described as follows:
Beginning at South East corner of- Thirty Nine Acres. Cornering on Public Road, being the South East corner of said tract. Thence with traverse of Public Road in a Northerly direction to a corner 317 links North 'of First corner described in road. Thence South 39 deg. 45' West 26' 28 chains to a comer. Thence North 21-22 chains to corner. Thence South 39 deg. 45' West. 4-60 chains to corner on River. Thence with Trayers.e of Tickfaw River down stream on left bank to the South line previously established containing 39 acres more or less in Headright Section 45, Forty-five, Township 5 Five, Range 5 and 6 East, Greensburg Land District of Louisiana, known as the Michael Stilley Head-right. (Italics ours.)
*112 This' was the property subsequently designated as Lot No. 5, of the L. Q. Huey survey of 1908 on said survey.
Because the L. Q. Huey survey indicates that the correct description should he “South 89 degrees 45 minutes west” (instead of “South 39 degrees 45' west”, see italicized portions of description), defendant-appellee urges it is impossible from the deed itself to locate the property therein described. Counsel concludes that “Therefore, no chain of title can be established [by plaintiff] back to Edward F. Stilley as to Lot 5, and the judgment of the lower court recognizing Stilley’s title as running west to the river must be correct in that respect at least.” This is the sole ground of invalidity of Gaylord’s title urged by defendant on appeal.
Despite this clerical error, the property sold from its physical measurements and extrinsic evidence can definitely be identified as Lot No. 5, see Snelling v. Adair, 196 La. 624, 199 So. 782. But aside from this, both this property and also Lot No. 4 were sold by Burlin Starns on March 29, 1911, by sale recorded COB 25, p. 268, Livingston Parish (P-15) , to the Frost Johnson Lumber Company, predecessors in title of Gaylord, by description as follows:
A certain tract of land in Headright Ño. 44 in Township 5 South, of Range 5 East, and in Headright 45, in Township 5 South, of Range 6 East, containing 120 acres, and shown in sketch of original partition of said Headright, hereto annexed, as Lot No. 1 and shown in survey of L. Q. Huey, dated July 1908, hereto annexed, as Lot. No. 4 of said Headright.
A certain tract of land in Headright No. 44 in Township 5 South, of Range 5 East, and in Headright 45, in Township 5 South, of Range 6 East, containing 34 acres more or less, and shown in sketch of original partition of said Headright hereto annexed, as part of Lots 2; 3, 4 & 5 and shown in survey of L. Q. Huey,' dated July 1908 hereto awnexed as Lot No. 5 of said Head-right. (Italics ours.)
This is the description used in each of the subsequent conveyances through which ■ Gaylord and its predecessor logging corporations acquired title to the tracts in question. Since 1911, under the above deed translative of title, clearly conveying to Gaylord’s predecessor company the land of Lot No. 5 which Stilley’s father unquestionably intended to sell to Starns (P-14), Gaylord and its predecessor corporations exercised control and possession of these properties according to the lines as fixed by the L. Q. Huey 1908 survey without interruption until April 4, 1953, three days before suit, when defendant ordered Gay-lord’s representatives off the premises.
This possession by Gaylord or its predecessors, including cutting'all the timber in 1923-4 and thinning the timber in 1950, and monthly or quarter-annual patrolling from 1911 to institution of suit, is not seriously contested by. defendant Stilley, and was to some extent corroborated by him on the stand.,
Plaintiff herein specifically pleaded the ten years’ acquisitive prescription based on good faith possession under a deed translative of title, LSA-C.C. Articles 3478-3479, and even if the erroneous description in the resale from Stilley to Starns '(P-14) were a defective chain in Gaylord’s title, the subsequent title acquired by the prescription of ten years’ good faith possession under a deed translative of title to Lots 4 and 5 is sufficient title to support plaintiff’s petitory suit, Rives v. Starcke, 195 La. 378, 196 So. 657; Capra v. Viola, 172 La. 731, 135 So. 41; Leonard v. Garrett, 128 La. 535, 54 So. 984; Bernstine v. Leeper, 118 La. 1098, 43 So. 889. These cases, incidentally, distinguish cases such as Lambert v. Craig, 45 La.Ann. 1109, 13 So. 701, which hold that plaintiff in a petitory suit cannot plead the benefit of ten years’ prescription if he has never possessed the property under the deed.
On appeal defendant-appellee did not urge reliance upon a deed dated August 20, 1943, see exhibit (D-5) when Stilley reacquired his home place (described as 75 *113 acres, more or less) which had been sold at Sheriff’s sale (described then as 52 acres) not quite a year before (See exhibit D-4). In this reacquisition of the “same property” from the purchaser at the Sheriff’s sale, for the first and only time in defendant’s chain was his western boundary shown as the Tickfaw River, father than Gaylord or its predecessors. If Stilley claims under this deed the part of Lot 5 west of his home-place to the river, he lacks not only the ten years, but also apparently the good faith and possession required.
In fact, not only did defendant Stilley corroborate Gaylord’s predecessor’s exercise of possession over Lots 4 and 5 but its cutting timber on all the property in 1923-4, as well as to some'extent in the thinning of timber in 1950, but the entire evidence of his possession educed from Stilley himself and his four witnesses can be boiled down to defendant Ernest Stil-ley’s statement that he had sold timber “a little at a time” off the tract and the statement of witness H. S. Stilley that Ernest Stilley had raked straw since 1930 on the portion of Lot 5 between his field and the Tickfaw River. The occasional (and perhaps stealthy) taking of timber from land owned by another neither constitutes possession in the timber-taker nor divests the owner of possession.
In our opinion, the overwhelming preponderance of evidence proves that . Gaylord and its predecessor logging companies have had both the record title and the possession of the tracts in question from at least 1911 to institution of the present suit, and accordingly plaintiff Gay-lord must be recognized as the owner and as such entitled to undisturbed possession thereof.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be, and it is hereby annulled, avoided, and reversed. It- is now. ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff, Gaylord Container Corporation, and against the defendant, the’ said Ernest Stilley, recognizing the said plaintiff to be the true and lawful owner of the following described property and as such entitled to the full and undisturbed possession thereof:
1. A- certain tract of land in Stilley Headright;- in Section 44, Township 5 South, Range 5 East, and in Section 45, Township 5 South, Range 6 East, containing 120 acres, and shown as Lot 4 of L. Q. Huey survey of 1908 annexed to and made part of sale from B. Starns to Frost-Johnsoii Lumber Company, dated March 29, 1911, and recorded in the conveyance records of Livingston Parish at Conveyance Book 25, page 268.
2. A certain tract of land in Stilley Headright, in Section 44, Township 5 South, Range 5 East, and in Section 45, Township 5 South, Range 6 East, containing 34 acres, more or less, and shown as Lot 5 of L. Q. Huey survey of 1908 annexed to and made part of sale from B. Starns to Frost-Johnson Lumber Company, dated March 29, 1911, and recorded in the conveyance records o-f Livingston Parish at Conveyance-Book 25, page 268.
It is further ordered, adjudged, and decreed that defendant Ernest Stilley’s claims to said property are rejected, and defendant Ernest Stilley is hereby permanently enjoined from interfering in any manner with plaintiff’s right of possession thereof.
The defendant is to pay all costs of these proceedings and of this appeal.
Reversed and rendered.