MOISE, Justice.
Plaintiff appeals from a judgment denying him prohibitory and mandatory injunctions.
By injunctive process, plaintiff sought to enjoin the alleged illegal abandonment and obstruction of a part of North 18th Street in Alexandria, Louisiana, and com *690 pel the removal of a concrete curb erected almost entirely across the street.
On July 13, 1953, plaintiff and a group of taxpayers petitioned the Commission Council of Alexandria, Louisiana, as follows:
“We, the undersigned, owners of real estate abutting upon North 18th Street from Bolton Avenue to Rapides Avenue hereby request and petition your Honorable body, by proper ordinance and proceedings, to cause the paving of street between designated points with six-inch Portland cement concrete, together with necessary concrete curb and gutter and drainage structures; said work to be done and paid for as provided for in the 5-payment plan * * * »
The record discloses that the City officials mapped out the paving plans. In order to avoid what they thought was a constant traffic hazard, an island was constructed to divert the course of traffic. When the project was completed during the early part of 1954, the course of the paving did not lie in a straight direction and had the effect of slightly changing the course of North 18th Street.
Plaintiff contends that because of these changes and innovations his property has been depreciated in value.
Since the relief sought is injunctive, as shown by plaintiff’s prayer, we conclude that this Court does not have jurisdiction.
Appellate jurisdiction is vested in this Court under the Louisiana Constitution of 1921, Article VII, Section 10, LSA, when the amount in controversy is in excess of $2,000. Wainer v. Kirn, 223 La. 669, 66 So.2d 587; Lerner Shops of Louisiana, Inc., v. Reeves, 224 La. 33, 68 So.2d 748.
Jurisdiction cannot be conferred by stipulation or by consent of the parties. Adger v. Oliver, 222 La. 793, 64 So.2d 6; Castleberry v. Ethridge, 223 La. 466, 65 So.2d 138; Beene v. Pardue, 223 La. 417, 65 So.2d 897; Dupre v. Dupre, 224 La. 104, 68 So.2d 773.
As a rule, this Court does not dismiss appeals. We transfer the appeal to the court of proper jurisdiction, and we give the appellant a limited time within which to file the record.
For the reasons assigned, and by virtue of the authority vested in this Court by Act No. 19 of 1912, LSA-R.S. 13:4441, it is ordered that this appeal be transferred to the Court of Appeal for the Second Circuit, provided the record is filed in that court within thirty (30) days from the date this judgment becomes effective; otherwise, the appeal shall be dismissed.
The costs of this Court are to be paid by appellant.
HAWTHORNE, J., absent.