85 So.2d 50

**Mrs. Earl Bostwick ATTAWAY et al.**

v.

**Claude U. MELTON et al.**

No. 42162.

Jan. 16, 1956.

Malcolm E. Lafargue, Shreveport, for defendants-appellants.

Love & Rigby, Shreveport, for plaintiffs-appellees.

MOISE, Justice.

Plaintiffs, Mrs. Earl Bostwick Attaway, Otis E. Pharr, Joyce Pharr, John E. Haygood and Janice R. Haygood, filed suit to be recognized as officers of the Sterling Service Life Insurance Company and to restrain the named defendants from interfering with their work. The trial judge rendered judgment in favor of plaintiffs, making their rule absolute.

Defendants appealed to this Court and filed an exception of no right or cause of action. They also contended that plaintiffs should have proceeded by mandamus and quo warranto.

To this appeal plaintiffs filed a motion to dismiss, alleging that the issues herein involved are moot.

There is no amount in dispute, nor is there a sum to be distributed. The thing in dispute is the right to office.

Article VII, Section 10, of the Louisiana Constitution of 1921, LSA–Const., provides that this Court shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount claimed, shall exceed $2,000.

In the case of Lerner Shops of Louisiana v. Reeves, 224 La. 33, 68 So.2d 748, we held that neither precedent nor authority vested this Court with appellate jurisdiction where monetary terms and amounts were not asserted or shown of record, and that the appeal fell within none of the other classifications.

In Succession of Solari, 218 La. 671, 50 So.2d 801, 802, we stated:

"The term 'the amount in dispute' in the article of the Constitution fixing appellate jurisdiction means the value of what the plaintiff claims and what the defendant disputes the plaintiff's claim for. The value of what is involved in a collateral question which may have to be determined in order to decide the dispute does not govern the appellate jurisdiction. * * *"

In Gamburg v. City of Alexandria, 227 La. 687, 80 So.2d 372, 373, we refused appellate jurisdiction in an injunction proceeding, because no specific amount was involved. We stated:

"Plaintiff contends that because of these changes and innovations his property has been depreciated in value.

"Since the relief sought is injunctive, as shown by plaintiff's prayer, we conclude that this Court does not have jurisdiction."

See, City of New Orleans v. Langenstein, 227 La. 770, 80 So.2d 402.

For the reasons assigned, and by virtue of the authority vested in this Court by Act No. 19 of 1912, LSA–R.S. 13:4441, it is ordered that this appeal be transferred to the Court of Appeal for the Second Circuit, provided the record is filed in that court within thirty days from the date this judgment becomes effective—otherwise, the appeal shall be dismissed.

PONDER, J., absent.