HAMITER, Justice.
From a judgment dismissing this jactitation action on an exception of want of possession (a tract of land in Red River Parish containing 74.48 acres is involved)' plaintiffs appealed to this court. Subsequently, all parties litigant filed here a joint motion praying for the transfer of the appeal to the Court of Appeal, Second Circuit, they alleging that “the record in this case fails to show that this Honorable Court has jurisdiction.”
The motion is well taken. On the important question of value there is in the record only a stipulation of counsel reading: “It is admitted by counsel for both plaintiffs and defendants that the value of the property in dispute is in excess of two thousand dollars.” But this court has repeatedly held that such a stipulation is of no effect in determining appellate jurisdiction, the conferring of it by consent of the parties being impossible. Tucker v. Woodside, 218 La. 708, 50 So.2d 814; Beene v. Pardue, 223 La. 417, 65 So.2d 897; Castleberry v. Ethridge, 223 La. 466, 63 So.2d 138; Wainer v. Kirn, 223 La. 669, 66 So.2d 587; and H. G. Hill Stores Realty Company, Inc., v. Latter, 227 La. 791, 80 So.2d 410.
For the reasons assigned it is ordered that this cause be transferred to the Court of Appeal, Second Circuit, pursuant to the provisions of LSA-R.S. 13:4441 and 13 :- 4442, the record to be filed in such court by appellants within thirty days from the date on which this decree shall become final; otherwise the appeal shall stand dis *723 missed. Appellants shall pay the costs of the appeal to this court, and all other costs shall await final disposition of the case.