JANVIER, Judge.
According to statements in the motion to dismiss this appeal the suit has as its object “the nullification of a certain sale wherein the consideration * * * was stated as $1,000.”
From a judgment dismissing the suit the plaintiffs appealed to this Court.
Appellee has moved to dismiss the appeal on the ground that the value of the thing in dispute is in excess of $2,000, and in the motion to dismiss the appellee states that after the sale, the annulment of which is sought, the purchaser at that sale sold “a portion of the property involved * * * for $3,500 * * *.”
The contention of appellee is that, if only a portion of the property, which was sold for $1,000, was later sold for $3,500, the entire property was worth more than that amount and that consequently, since the suit has as its object the nullification of the first sale and the regaining of title to the property, more than $2,000 in value is in dispute and that thus the Supreme Court and not this Court must hear the appeal.
In answer to the motion to dismiss the appeal appellants admit that “on July 31st, 1956 a portion of the property herein was sold for $3,500 * * *. ”
In the record which was made up in the district court and which on appeal was lodged in this court, there is not one syllable which would indicate that the property had or has a greater value than the $1,000, which was stated as the purchase price in the sale which plaintiffs seek to nullify.
In determining appellate jurisdiction we must look to the record as it was made up in the trial court. Jurisdiction *773 may not be shown by affidavits, nor can it be conferred by stipulation. Therefore, if the statement in the motion and the admission made in the answer may be considered as a stipulation as to the value of the property, nevertheless we may not accept that stipulation for the purpose of determining jurisdiction.
In Wainer v. Kirn, 223 La. 669, 66 So.2d 587, 588, the Supreme Court transferred an appeal to this Court, saying:
“Since the record does not affirmatively show that the property in dispute is valued in excess of $2,000, which is our jurisdictional minimum, we cannot entertain the appeal. True, counsel stipulated at the conclusion of the trial that it was worth more than $2,500. But the stipulation is without effect, consent of the parties being inappropriate and insufficient for conferring appellate jurisdiction. Tucker v. Woodside, 218 La. 708, 50 So.2d 814; Martin v. Carroll, 220 La. 481, 56 So.2d 843; Newman v. McClure, 221 La. 556, 59 So.2d 882; Adger v. Oliver, 222 La. 793, 64 So.2d 6; Beene v. Pardue, 223 La. 417, 65 So.2d 897, decided June 1, 1953.”
In Beene v. Pardue, cited in the Wainer case, the Supreme Court said:
“Nowhere in the record other than in the stipulation referred to and in the affidavits filed in this Court is it shown what the value of the strip of land in contest is. The recent rulings of this Court all strongly indicate that before jurisdiction on the basis of the amount in contest or dispute will be entertained, the record in each case must affirmatively show what the amount is and also, that it is the amount in dispute at the time the case is submitted to the trial court that determines jurisdiction. See Kennedy v. Perry Timber Co., 217 La. 401, 46 So.2d 312 and cited cases.
“Stipulations such as the one entered into in this case after judgment will not be considered when tendered to support appellate jurisdiction — for jurisdiction cannot be conferred by consent of the parties. See Adger v. Oliver 222 La. 793, 64 So.2d 6 and the numerous cases therein cited.”
The motion to dismiss the appeal is overruled.
Motion overruled.