90 So.2d 682

Nicholas S. THOMAS

v.

SOUTHDOWN SUGARS, Inc.

and

The Heirs of Jean M. Fulton.

No. 42619.

Nov. 5, 1956.

Jones, Walker, Waechter, Poitevent & Denegre and Michael J. Molony, Jr., New Orleans, for appellant.

Phelps, Dunbar, Marks, Claverie & Sims and J. Barnwell Phelps, New Orleans, for appellee.

HAWTHORNE, Justice.

Nicholas S. Thomas instituted this suit against Southdown Sugars, Inc., formerly known as Realty Operators, Inc., seeking to be declared the owner of Stock Certificate No. 2211 of Realty Operators, Inc., dated May 6, 1930, for 734 shares of the capital stock of Realty Operators, Inc., registered in the name of Mrs. Jean M. Fulton on the books of the corporation, and to compel the defendant corporation to transfer to him all of the shares of the capital stock of Southdown Sugars, Inc., to which he as the owner of the certificate is entitled. Following trial of the case on its merits, the plaintiff died, and the administrator of his succession was substituted as plaintiff.

The lower court rendered judgment for the plaintiff, and the defendant Southdown Sugars, Inc., has appealed to this court.

Neither the pleadings nor the proof in the instant case shows the value of the stock of which plaintiff seeks to be decreed the owner or the amount of any accumulated dividends that may be due to the owner of the stock. Since neither the pleadings nor the proof in the instant case shows that the amount in dispute or the fund to be distributed exceeds $2,000, this court is without appellate jurisdiction. Newman v. McClure, 221 La. 556, 59 So.2d 882; Adger v. Oliver, 222 La. 793, 64 So. 2d 6; Beene v. Pardue, 223 La. 418, 65 So. 2d 897; Castleberry v. Ethridge, 223 La. 466, 65 So.2d 138; Wainer v. Kirn, 223 La. 669, 66 So.2d 587; State ex rel. Schwehm v. Morrison, 224 La. 811, 70 So. 2d 881; and authorities cited in all of these cases.

After the appeal to this court had been perfected, counsel for both plaintiff and defendant filed in the district court a stipulation which shows that the stock of which plaintiff seeks to be decreed the owner and the accrued cash dividends due on it have a value far in excess of our minimum jurisdictional amount. This stipulation has been included in the transcript.

It is well settled in our jurisprudence, however, that appellate jurisdiction cannot be conferred upon this court by

stipulation of counsel for the litigants, and that jurisdiction cannot be conferred by consent. Newman v. McClure, supra; Adger v. Oliver, supra; Beene v. Pardue, supra; Castleberry v. Ethridge, supra; Wainer v. Kirn, supra; State ex rel. Schwehm v. Morrison, supra.

It is therefore ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, provided that the record is filed in that court within 30 days from the finality of this decree; otherwise the appeal shall be dismissed. The costs incurred in this court are to be paid by appellant.

FOURNET, C. J., absent.