No. 707.—JAMES G. HAYES *v.* JAMES M. THOMPSON.

21  655
e118  27

Proceedings against a party alleged to have usurped or intruded into an office, must be brought by the District Attorney, or District Attorney *pro tem.* of the parish in which the case arises, in the name of the State. Acts of 1868, No. 156, page 200, § 2.

APPEAL from the Eighth District Court, parish of St. Landry. *Porter,* J. *John H. Overton, Henry L. Garland, Moore & Morgan, Bailey & Estilette,* and *B. A. Martel* for plaintiff and appellant. *John E. King* and *George R. King* for defendant and appellee. *George W. Hudspeth,* District Attorney. *Thomas H. Lewis,* District Attorney *pro tem.*

WYLY, J. Plaintiff alleges that at the April election of 1868, he was duly elected sheriff of the parish of St. Landry; that subsequently, to wit: on twenty-ninth July, 1868, he entered on the duties of his office after being duly commissioned, and after giving bond and being qualified according to law. He alleges that since then, to wit: on twelfth July, 1869, the defendant, James M. Thompson, pretending that he has been appointed and commissioned by the Governor, as sheriff of said parish, has illegally entered into and usurped the office of sheriff of the parish of St. Landry, and unlawfully exercises the duties thereof; that the petitioner has given information to George W. Hudspeth, District Attorney, and to Thomas H. Lewis, District Attorney *pro tem.*, of the said intrusion and usurpation, and has requested them to institute suit against said Thompson under act No. 156, passed in 1868, but that they have refused to do so. He prays that said Hudspeth and said Lewis, in their official capacities, "be ordered to institute and carry on, by joining your petitioner in this suit against said Thompson, the proceedings provided for by act No. 156 of the acts of the Legislature of 1863."

He further prays that judgment be rendered in his favor recognizing him as sheriff of St. Landry, and decreeing the said Thompson to be an usurper and intruder; and that he have judgment against him for $1000.

This was evidently intended as a proceeding under act No. 156, known as the "intrusion act." Its purpose was to give the plaintiff possession of the sheriff's office, and to have the incumbent, Thompson, ejected as an intruder and usurper.

On referring to the act in question, we find that actions of this character can only be brought in the name of the State by the District Attorney, or the District Attorney *pro tempore,* and in the parish of Orleans by the Attorney General.

The second section of said act makes it the duty of the District Attorney, or the District Attorney *pro tempore,* of the parish where the case arises, to bring suit against the offending party when so required to do.

The fourth section thereof provides that when the action is brought on the relation or information of any person interested, the name of such person shall be joined with the State as plaintiff.

The State feeling an interest in her officers and desiring that none of her offices shall be filled by usurpers and intruders, has enacted this law, which is very plain, requiring proceedings of this character to be brought in the name of the State, but permitting a person interested to "be joined with the State as plaintiff."

Although no objection has been made by the defendant to the form of the action, we cannot permit the plaintiff to stand in judgment in an action which the law declares shall be brought only in the name of the State. It was made the duty of the District Attorney and District Attorney *pro tempore* to institute the action when so required; if they failed or refused to do so, as it appears they did, the plaintiff could have applied to the District Court for a writ of *mandamus* to compel them to discharge their duty.

In the case of Wickliffe *v.* Delassize, 21 A. —, we held that a proceeding under the "intrusion act," (act No. 156 of the session of 1868), could only be brought in the name of the State. We still adhere to that view of the law.

It is therefore ordered, that the judgment appealed from be avoided and annulled; and it is now ordered that this suit be dismissed at plaintiff's costs in both Courts.

Rehearing refused.