No. 2250.—THE STATE OF LOUISIANA on information and relation of
GEORGE M. WICKLIFFE *v.* L. T. DELASSIZE.

An action against a party for usurping, intruding into or unlawfully holding or exercising a public office in the parish of Orleans must be brought by the Attorney General in the name of the State. Act No. 156, § 2, of 1868.

APPEAL from the Seventh District Court for the parish of Orleans.
*Collens*, J. *Semmes & Mott*, for plaintiff and appellant. *W. H. Hunt*, for defendant and appellee.

HOWE, J. This suit was instituted under the act No. 156, approved October 15, 1868 " providing a remedy against usurpations of or intrusions into or the unlawful holding or exercising a public office or franchise in this State." The relator, averring himself to be the Auditor of Public Accounts, alleged that the defendant had usurped and intruded into that office, and prayed that the latter might be excluded therefrom, and that the relator's right thereto might be recognized and adjudged in his favor.

The defendant excepted to this petition on the ground that the same was not filed by the Attorney General or by any other person authorized to institute the suit. The court sustained the exception and dismissed the suit, and the relator has appealed.

By act No. 58 of the Legislature, approved September 8, 1863, it was provided as follows :

" SECTION 1. That an action by petition may be brought before the proper District Court by the Attorney General, in the name of the State, upon his own information and upon the complaint of any private party, against the persons or parties offending, in the following cases :

"*First*—When any person shall usurp, intrude into, or unlawfully hold, or exercise, any public office or franchise within this State ; or,

"*Second*—When any public officer shall have done or suffered an act, *or* which by the provisions of law shall work a forfeiture of his office ; or

"*Third*—When any association or number of persons shall act within this State as a corporation without being duly incorporated.

"SEC. 2. That in all such cases, when made known to the Attorney General, it is hereby made his duty to so bring action against the offending party."

\*          \*          \*          \*          \*          \*          \*

"SEC. 4. That where an action shall be brought by the Attorney General by virtue of this law, on the relation or information of a person having an interest in the question, the name of such person shall be joined with the people as plaintiff."

\*          \*          \*          \*          \*          \*          \*

The act No. 156, under which this action is brought amends and reenacts the preceding, so that the first and second sections read as follows :

"SECTION 1. \* \* That an action by petition may be brought before the proper District Court or Parish Court, by the District Attorney or District Attorney *pro tempore;* and, for the parish of Orleans, by the Attorney General, or any other person interested, in the name

The State of Louisiana on information and relation of George M. Wickliffe v. L. T. Delassize.

of the State, upon his own information or upon the information of any private party against the party or parties offending, in the following cases:"          *          *          *          *          * .

"SEC. 2.    That, *in the cases mentioned in the foregoing section*, it is hereby made the duty of the District Attorney or the District Attorney *pro tempore* of the parish in which the case arises, and for the parish of Orleans by the Attorney General, to bring action against the offend-ing party or parties, when so required to do."

The third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh sections are substantially the same in the amendatory as in the original act.    They provide that where the action is instituted by the Att rney General on the information of the person interested, the name of such person shall be joined with the State as plaintiff; that in an action brought upon the state of facts alleged in the case at bar, the name of the party rightfully entitled to the office may also be set forth, and to secure him the fees, etc., the defendant may be arrested; that if the judgment be against the defendant and in favor of the person alleged to be entitled, the latter may take upon himself the execution of the office and demand the books and papers; that the defendant may be prosecuted in criminal proceedings for refusing to comply with such demand, and that the person so adjudged to be entitled, may, by action, recover the damages sustained by reason of the usurpation.

The cases provided for are the same in both acts, and so far as the first class is concerned—the usurpation of and intrusion into a public office—we agree with the judge *a quo* that the latter act does not authorize the institution of the suit at bar.    It may be that its first section, read alone, might sustain the proceeding, though it would be difficult then to conjecture why the Legislature should authorize any person interested in the parish of Orleans to bring the suit, and exclude the people of the rest of the State, when interested, from such a privi-lege.    But the law, as a whole, appears to have amended and re-enacted the act No. 58, principally for the purposes of including parish courts as the tribunals, in proper cases, if any there can be; of impo-sing the duty of bringing the action on District Attorneys in country parishes, and finally of making it imperative on the Attorney General and the District Attorneys to bring such actions " when so required to do."    The phrase " when so required to do," in the second section, evidently relates back to the first section, and alludes to some require-ment by the "other person interested."    The remaining portion of the act No. 58, as we have seen, is practically unchanged, and plainly contemplates, not that the person interested shall bring the suit in the name of the State, but that his name shall be joined as plaintiff in a suit brought by the State through its proper officer.    Such an inter-pretation seems to be the one which is most consistent with the tenor of the law, with the statutory and constitutional definitions of the

712          SUPREME COURT OF LOUISIANA,

The State of Louisiana on information and relation of George M. Wickliffe v. L. T. Delassize.

duties of the law officers of the State, and with the general principles which underlie the action in the nature of *quo warranto.*

It is therefore ordered and adjudged that the judgment appealed from be affirmed with costs.