(113 So. 360)

No. 28540.

## STATE ex rel. PAYNE v. IRION.

May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⬅➡801(1)—**Facts alleged in motion for dismissal may be taken as true, where submitted without dissent from opposing counsel.**

Facts set out in motion to dismiss appeal may be taken as *admitted*, where motion is submitted without dissent from opposing counsel as to state of facts alleged.

2. **Officers** ⬅➡30—**Officer after acceptance of appointment as member of highway commission held ineligible to office of commissioner of conservation; "offices of profit" (Rev. St. § 2593 et seq.; Act No. 95 of 1921; Const. 1921, art. 5, §§ 1, 20, art. 19, § 4).**

Former commissioner of conservation instituting suit to recover office under Rev. St. § 2593 et seq., *held* ineligible to office as commissioner of conservation after acceptance of appointment as member of highway commission under Act No. 95 of 1921, in view of Const. 1921, art. 19, § 4, prohibiting any person from holding more than one office of profit at same time except that of justice or notary, both offices being offices of profit under Act of 1921 and Const. 1921, art. 5, §§ 1, 20.

[Ed. Note.—For other definitions, see Words and Phrases, Office of Profit.] .

3. **Appeal and error** ⬅➡150(1)—**Former officer, ineligible to office claimed because holding another office for profit, had no real interest in appeal in suit brought for his reinstatement (Code Prac. art. 15; Rev. St. § 2593 et seq.; Const. 1921, art. 19, § 4).**

Incumbent of office, who became ineligible under Const. 1921, art. 19, § 4, because of accepting another office of profit, *held* without real or actual interest in prosecution of appeal under Code Prac. art. 15, in suit brought under Rev. St. § 2593 et seq., for his reinstatement to office formerly held.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by the State of Louisiana, on the relation of Frank T. Payne, against Valentine K. Irion. Order dismissing relator's suit, and relator appeals. Appeal dismissed.

Hugh M. Wilkinson, of New Orleans, for appellant.

Edward Rightor, of New Orleans, Rene Viosca, of Hammond, and Smith & Irion, of New Orleans, for appellee.

LAND, J. Relator alleges that he is the commissioner of conservation of the state of Louisiana, duly commissioned and qualified, and prays for judgment decreeing respondent to be an usurper and intruder in said office, and declaring relator to be the lawful and rightful commissioner of conservation of this state, and placing him in full and complete possession of the office in dispute.

The present suit is instituted in the name of the state of Louisiana, on the relation of Frank T. Payne, under sections 2593 et seq. of the Revised Statutes of 1870 of this state.

Respondent excepted to relator's petition on the ground that, under the sections of the Revised Statutes above cited, suit can be brought only in the name of the state of Louisiana, and on the relation of the Attorney General, citing State ex rel. Lannes v. Attorney General, 30 La. Ann. 954; Hayes v. Thompson, 21 La. Ann. 655; and State ex rel. Wickliffe v. Delassize, 21 La. Ann. 710.

This exception was maintained, and relator's suit was dismissed.

On March 10, 1927, relator appealed from the judgment rendered against him to the Supreme Court, and the appeal was lodged here March 19, 1927.

A motion to dismiss the appeal was filed April 14, 1927, and was submitted by both sides without argument and without briefs.

It is suggested in this motion that relator was appointed on April 13, 1927, chairman of the highway commission of the state of Louisiana, has accepted said office, has taken his oath of office and assumed the duties of same, and it is alleged, as the ground for the dismissal of the appeal, that the acceptance of said office annuls any claim that relator may have to the position of commissioner of conservation of the state of Louisiana.

[1] We assume that the facts set out in the motion are admitted to be the true facts of the case, as said motion has been submitted without dissent from opposing counsel as to the state of facts alleged therein.

[2] The Louisiana highway commission was created by Act 95 of 1921, and consists of three members, one of whom is appointed or selected as chairman. It is provided in section 1 of said act that each member of the commission shall receive a salary of $5,000 per annum, payable monthly on his own warrant out of the general highway fund.

The commissioner of conservation is an officer of the executive department of the state, and his salary is fixed in the present Constitution at $5,000 per annum, payable monthly on his own warrant. Const. 1921, art. 5, §§ 1 and 20.

Section 4 of article 19 of the Constitution of 1921 prohibits any person from holding or exercising, at the same time, "more than one office of profit except that of justice of the peace or notary public."

[3] As relator is the present incumbent of one office of profit, he is ineligible to the office of commissioner of conservation, and is, therefore, without a real and actual interest in the prosecution of this suit. C. P. art. 15.

It is therefore ordered that the motion to dismiss be maintained, and that the appeal in this case be dismissed, at the cost of relator, appellant.