13 So.2d 266

STATE ex rel. DAVIS et al. v. BANKSTON et al.

No. 36772.

March 8, 1943.

Rehearing Denied April 12, 1943.

Ponder & Ponder, of Amite, for applicant.

S. S. Reid, of Amite, and Reid & Reid, of Hammond, for respondents.

O'NIELL, Chief Justice.

This is a quo warranto proceeding brought by ninety individuals claiming to be stockholders of a corporation called Dairy Farmers' Protective League, Inc. They sued to remove from office the president, the vice president and the secretary-treasurer of the corporation. The suit was brought against the three individuals, namely, H. E. Bankston, holding the office of president, C. P. Schwartz, holding the office of vice president, and D. C. Gates, holding the office of secretary-treasurer of the corporation. The plaintiffs, or relators, averred that the three defendants were elected for a term which would end on the second Saturday in June, 1942, but were elected according to a system of by-laws which had been adopted contrary to the provisions of the articles of incorporation, and hence that the defendants were elected unlawfully and were usurping the offices which they held. The suit was filed on July 9, 1941. The relators prayed that the three offices should be declared vacant and that a stockholders' meeting should be ordered to be convened at a time and place to be designated by the court for the purpose of electing a board of directors in the manner provided for in the articles of incorporation, and that the board of directors so elected should select the officers of the corporation as provided in the articles of incorporation.. The defendants answered that the relators were not stockholders in the corporation, and pleaded that if they were stockholders they were estopped to complain of the manner in which the defendants were elected because they, the relators, and in fact all of the stockholders of the corporation, had acquiesced and participated in the annual elections of the directors and officers of the corporation every year from the date of the incorporation—July 12, 1933.

The district court gave judgment for the relators, declaring the offices of president, vice president and secretary-treasurer of the corporation vacant, and ordering a committee of five members named in the judgment to call a meeting of all of the members of the corporation for the purpose of electing a board of directors who should in turn elect the officers of the corporation. The defendants, H. E. Bankston, C. P. Schwartz and D. C. Gates, took a suspensive appeal from the judgment, to the court of appeal, and thus retained possession of their offices during the pendency of the appeal. The court of appeal, 7 So.2d 667, reversed the judgment of the district court, dismissed the suit, and refused a rehearing on June 1, 1942,

8 So.2d 351. The terms of office which were in contest came to an end on June 13, that day being the second Saturday in June, 1942. The plaintiffs or relators had thirty days from the 1st day of June in which to make application to this court for a writ of review, under section 11 of Article VII of the Constitution. The application was made on June 27, 1942, which was within the thirty days, and the writ was granted.

On January 14, 1943—after the case was assigned for argument in this court but before the date fixed for the argument—the relators filed a motion averring that the Dairy Farmers' Protective League had elected Malcolm Dougherty to succeed H. E. Bankston as president, and had elected F. S. Hutchinson to succeed C. P. Schwartz as vice president, and that the two newly elected officers were then serving in the offices to which "they were elected in the same manner as their immediate predecessors." Hence the relators prayed that the newly elected officers, Dougherty and Hutchinson, should be made parties as respondents, as president and vice president, respectively, of the Dairy Farmers' Protective League, Inc. It is admitted that, at the election in which Dougherty was elected to succeed Bankston as president, and Hutchinson was elected to succeed Schwartz as vice president, Gates was re-elected secretary-treasurer of the corporation. Therefore the terms of office of the three defendants whose terms were in contest came to an end on the twelfth day after the court of appeal denied the relators' petition for a rehearing, and four-teen days before they made application to the supreme court for a writ of review.

In answer to the relators' motion, the three original defendants, Bankston, Schwartz and Gates, pleaded that, as the suit was not a suit against the corporation, but only a suit against the three individuals, to oust them from their offices, the expiration of their terms of office had caused an abatement of the suit, by making the question of validity of their tenures only a moot question. They pleaded that the newly elected president, Dougherty, and the newly elected vice president, Hutchinson, had no interest in the matter that was decided by the district court and by the court of appeal, and should not now be made parties to the suit. Hence these original defendants prayed that the writ of review should be recalled and that the suit should stand dismissed as a moot case.

Dougherty and Hutchinson, together with Gates, in their answer to the relators' motion, also pleaded that they, Dougherty and Hutchinson, could not be made parties defendant in the supreme court without having had a hearing in the district court or in the court of appeal, and without having any interest in the contest that was decided in those courts. They pleaded also that they, Dougherty and Hutchinson, had no right or authority to represent Bankston and Schwartz as defendants in the suit.

Inasmuch as the suit was brought only against the three individuals, Bankston, Schwartz and Gates, and not against the corporation itself, the action has abated as far as Bankston and Schwartz are con-

cerned, because Dougherty and Hutchinson have no authority in law to represent Bankston and Schwartz. That reason for the abatement of the action against Bankston and Schwartz is not applicable to Gates, who has been reelected to the office of secretary-treasurer of the corporation. But there is another reason why the action has abated, which is applicable as well to Gates as to Bankston and Schwartz; that is, that the term of office of all three defendants, which was the matter in contest, expired during the pendency of the suit. To proceed with the suit against Gates alone, to oust him from the office of secretary-treasurer of the corporation, would be to contest his right to a term of office which only came into existence after this suit was decided by both the district court and the court of appeal. It may be that Gates' title to his new term of office is invalid for the same reasons for which the relators contended that his title to the term of office which has expired was invalid; but Gates' title to his new term of office is not now and could not have been in contest in this suit. Our conclusion is that the action has abated as to all of the three defendants.

The suit is ordered dismissed, at the cost of the relators, for having abated after the judgment of the court of appeal was rendered.

FOURNET, J., concurs.

PONDER, J., recused.

ODOM, J., takes no part.