This suit arose out of the case of Fajoni v. Town of Amite City, La.App., 17 So.2d 52, in which case the plaintiff, Michael Fajoni, sought to enjoin the said Town from revoking his permit for selling intoxicating liquor in the Town during the year 1943. The object of the present suit is to cancel the lease from defendant Frierson to Michael and Salvador Fajoni, dated October 1, 1942, and expiring December 31, 1944, for a monthly rental of $55, and covering the property in which Michael Fajoni operated a colored bar under said permit, together with a restaurant and barber shop. The ground for cancelling the lease is that the plaintiff, Michael Fajoni, has been prevented by the Town of Amite from operating the colored bar in one of the buildings covered by the lease by reason of the judgment rendered in the other suit; that said Fajoni was thereby deprived of maintaining and operating said premises for the purpose for which they were leased, and the defendant has failed to maintain him in possession of the leased premises.
Plaintiffs further ask for the sum of $310 as damages sustained in trying to maintain possession of the leased premises, of which amount $60 is alleged to be the cost incurred in the former suit and the sum of $250 for attorneys fees in defending that suit. They ask in the alternative, in case the court finds that the lease is severable and should not be cancelled on two small buildings not used for the operation of said bar, that the rent be reduced to $15 per month; that the judgment be effective as of September 14, 1943, the day on which the Town passed an ordinance revoking the liquor permit.
Defendant filed an exception of no cause or right of action which was sustained and the suit dismissed. Plaintiff, Michael Fajoni, appealed.
The action to annul the lease is based on the ground that under Article 2692 of the Civil Code it is the duty of the lessor to maintain the thing leased in such condition as to serve the purpose for which it was leased, and to cause the lessee to be in peaceable possession of the thing during the lease; that under Article 2695 the lessor guarantees the lessee against all vices and defects in the premises which would render them unfit for use existing at the time the lease was made and not known to the lessee, or arising subsequently *Page 44 
without any fault on his part; that under Article 2699, if the thing ceases to be fit for the purpose for which it was leased, through no fault of the lessee, the latter may obtain the annulment of the lease.
Under none of the Articles of the Code above mentioned can the plaintiffs obtain an annulment of the lease, admitting all the allegations of their petition to be true. Whether the action of the Town of Amite was right or wrong in revoking the permit to sell intoxicating liquor on the leased premises, the defendant lessor was not responsible for the actions of the Town, and he did not warrant the lessee that a permit to sell liquor on the premises would either be issued to him or that it would not be revoked. If the Town had voted dry during the lease and thus rendered it unlawful for the Town to issue such a permit, it could not be contended that the lessor guaranteed or warranted the lessee against such an eventuality. Abadie v. Berges, 41 La.Ann. 281, 6 So. 529.
Moreover, the conduct of the premises was in the hands of appellant, and if he could not operate in part of the premises because of the revocation of his permit by the Town that was a matter purely between him and the Town. His own fault and conduct brought about the situation of which he is now complaining. The articles of the Civil Code above referred to imply some fault or responsibility on the part of the lessor in order to justify the lessee in cancelling the lease.
Appellant relies principally on the case of Zibilich v. Rouseo,166 La. 547, 117 So. 586, in support of his right to cancel the lease. The facts in that case were entirely different from the facts in the present case as shown by the pleadings. In the cited case the suit was to cancel a lease on a building leased for a moving picture theater. After the lessee had operated the moving picture theater for nearly two years in the leased building, the fire marshal closed the theater because the fire exits in the building had been closed on the complaint of the adjoining occupants. The lessor had been notified to furnish the necessary fire escape in the building so that it could be used for the purpose for which the building was leased, but he had failed or refused to do so. The court ordered the cancellation of the lease in that case for the reason that the lessor had failed to render the leased premises fit for the use for which the lease was made. His duty was to put the building in condition to be used for a moving picture theater, and the business was closed because he failed to provide the kind of building contemplated by the lease. The picture show was not closed because of the manner in which the lessee operated it. In the present case, it is not claimed that there was any defect or vice in the building in which appellant's bar was operated which prevented him from carrying on his business therein, but the trouble arose because of the alleged manner in which he operated that business and for which defendant was in no wise responsible.
For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of appellant.