Plaintiff brought this suit to enjoin the Town of Amite from revoking a permit issued to him by the Town for the sale of alcoholic beverages. He alleges that the *Page 53 
Town adopted an ordinance on September 7, 1943, ordering him to show cause before the Board of Aldermen on September 14th why the alcoholic beverage and liquor permit issued to him for operating Mike's Ideal Bar should not be revoked, and thereafter, on September 14, 1943, acting arbitrarily and without evidence to support the charge of disorderly conduct, revoked his permit and license to operate said bar; that the ordinance revoking his permit was adopted pursuant to an ordinance of the said Town adopted in 1937 giving the said Town the authority to revoke liquor permits, and that said ordinance is illegal and has been superseded by a state law giving the state authorities alone the right to revoke liquor licenses. He prayed for an order to issue against the Town of Amite to show cause why a preliminary injunction should not issue enjoining and restraining the Town from revoking his liquor permit, and after due hearing, that a permanent injunction issue against the Town and its officers enjoining and restraining them from interfering with or revoking the permit of Mike's Ideal Bar for the sale of alcoholic liquor and beverages.
The Town of Amite filed an exception of no cause or right of action which was referred to the merits. The Town then filed an answer admitting the revocation of plaintiff's permit to sell alcoholic liquors on September 14, 1943, for the remainder of the year, and averred that its action in that respect was fully justified by the authority given the Town to revoke said permit when it was issued and the facts shown at the hearing as to the manner in which plaintiff's bar was conducted.
The trial judge entered a final judgment denying the injunction and dismissing plaintiff's suit, and he has taken a devolutive appeal.
Counsel for the Town has filed a motion in this court to dismiss the appeal for the reason that the matter in dispute involves the right of the Town to revoke the permit issued to plaintiff for the sale of intoxicating liquor for the year 1943; that the year has now expired, and there is nothing for the court to adjudicate, the question involved having become moot.
Under Section 5 of Act No. 15 of 1934, as amended by Act No. 329 of 1942, a permit to sell intoxicating liquors expires on December 31st of the year in which it is issued, and a municipality cannot issue a permit to a person to sell such liquors in the municipality unless he has a permit from the State. It therefor follows that the permit issued to plaintiff by the Town of Amite for selling intoxicating liquor in the Town for 1943 expired on December 31st of that year. There is nothing in the record to show that plaintiff has a permit from the State to sell intoxicating liquors for the year 1944, nor is there any proof to show that he has made application to the town of Amite for such a permit.
The sole purpose of plaintiff's suit as shown by the prayer of his petition is to enjoin and restrain the Town from revoking his permit for 1943. If we should reverse the judgment, and grant him the relief which he asks, it is obvious that our decree would be an empty formality. A decree restraining the Town authorities from revoking his permit to sell intoxicating liquor in the Town during 1943 would be ineffectual and unenforceable. Courts will not render decrees that are futile. State ex rel. Davis et al. v. Bankston et al., 202 La. 920, 13 So.2d 266.
For the reasons assigned, the appeal is dismissed at the cost of the appellant.