AYRES, Judge.
Plaintiffs instituted this action to restrain defendants from interfering with plaintiffs in the exercise of their duties as officers and directors of the Sterling Service Life Insurance Company Funeral Association, Inc., and further to enjoin the defendants from exercising any of the functions of the officers and directors of said corporation, and to compel Claude U. Melton, one of the defendants, to deliver to one of plaintiffs, Mrs. Janice R. Haygood, all the secretarial records of said corporation, and to deliver unto Otis E. Pharr, the treasurer, all the treasurer’s records and funds of said corporation. Plaintiffs further prayed that the court declare null and void and of no effect purported elections of the several defendants and directors of said corporation in meetings purportedly held October 24, 1953, and December 19, 1953, and, further, that plaintiffs be decreed and recognized as the lawful officers and directors of said corporation; particularly that John E. Haygood be recognized and decreed president; Mrs. Joyce Pharr and Mrs. Willie E. Attaway, vice presidents; Mrs. Janice Ruth Hay-good, secretary, and Otis E. Pharr, treasurer. Plaintiffs appropriately prayed for a rule nisi directed to the defendants, ordering them to show cause why a preliminary injunction should not issue, and in due course that said preliminary injunction issue, and on trial of the merits that said injunction be perpetuated and made final.
Defendants answered plaintiffs’ demands, wherein they contended they were the true and lawful officers and directors of said *418 Corporation and denied plaintiffs’ rights and claims thereto. In reconvention, defendants sought to recover of plaintiffs alleged damages in the sum of $10,000, for the loss and damage of business due to actions of plaintiffs and for the alleged libel and slander of respondents.
The trial court sustained an exception of no cause or right of action to defendants’ reconventional demands, and, after trial on the merits, rendered judgment recognizing and decreeing plaintiffs to be the de facto officers and directors of said corporation, decreeing null and void the proceedings of the purported meetings of the members of said corporation, wherein defendants claimed to have been elected officers and directors thereof. The defendants were further prohibited and enjoined from exercising any of the rights, privileges and functions of the officers and directors of said corporation and from interfering with the exercise by plaintiffs of such rights, duties and functions as officers and directors.
From the judgment thus rendered and signed, the defendants obtained and perfected, by the filing of an appropriate bond, a devolutive appeal to the Supreme Court. That Court, pursuant to LSA-R.S. 13:4441, transferred the appeal to this court. 229 La. 113, 85 So.2d 50. After the perfection of said appeal to the Supreme Court and after the lodging of the record therein, the plaintiffs and appellees filed therein a motion to dismiss the appeal, wherein it is alleged:
“I
“That the issues raised in the appeal herein have become moot and that, therefore, this appeal should be dismissed, under the authority of State ex rel. Davis v. Bankston, (1943) 202 La. 920, 13 So.2d 266.
“II
“That the term of office of the defendants and appellants herein, even if they were successful in this appeal, expired on February 15, 1954, as appears more fully from the Articles of Incorporation and Bylaws of the Association filed in evidence herein.
“III
“Movers further show that there has been an additional election of Directors by the Policyholders of said Association one year subsequent to February 15, 1954, on February 15, 1955, which Directors are still serving as the Directors of said Association, all of which appears more fully from the Minutes of the annual meeting of the Policyholders of Sterling Service Life Insurance Company, Funeral Association, Inc., held at the registered offices of the company at 904 Sprague Street, Shreveport, Caddo Parish, Louisiana, on February 15, 1955, at 6 P.M., certified as being true and correct by Otis E. Pharr, Secretary of said annual meeting of said Policyholders attached hereto and made a part hereof.”
Notwithstanding the filing of said motion and the presentation of plaintiffs’ statement relative thereto and their argument thereof in brief filed with the Supreme Court and refiled as their brief in this court, the defendants have permitted said motion to be submitted without dissent and without in any manner controverting the state of facts alleged therein. Wherefore, we assume that the facts set out in the motion are admitted to be the true facts of the case.
In State ex rel. Payne v. Irion, 163 La. 1019, 113 So. 360, it was held that the facts set out in a motion to dismiss an appeal may be taken as admitted where the motion is submitted without dissent from opposing counsel as to the state of facts alleged.
A situation, analogous to the one presented here, existed in State ex rel. Davis v. Bankston, 202 La. 920, 13 So.2d 266. There quo warranto proceedings were instituted g by 90 individuals claiming to be stockholders of Dairy Farmers’ Protective League, Inc. Sought to be removed from *419 office were the president, vice president and secretary-treasurer of the corporation. The action was directed against the individuals holding said offices. It was alleged that said officers were elected according to a system of by-laws inconsistent with and contrary to the articles of incorporation. Wherefore, it was alleged that the defendants were elected unlawfully and were usurping the offices which they held. Accordingly, it was prayed that said offices be declared vacant and that a stockholders’ meeting be convened for the purpose of electing a board of directors, which board would have the authority to fill the vacancies to be so declared. There was judgment in the district court for the relators, declaring said offices vacant and ordering the calling of a meeting of the stockholders of the corporation for the purpose of electing a board of directors, who should in turn elect the officers of said corporation. From such judgment, the defendants perfected a suspensive appeal to the Court of Appeal and thereby retained possession of their offices pending the appeal. The Court of Appeal reversed the judgment of the district court and dismissed plaintiffs’ suit, but, after the refusal of rehearing, on application of relators, a writ of certiorari was granted by the Supreme Court. In the Supreme Court, after the assignment of the case for argument but before the date fixed therefor, relators filed a motion averring that the corporation had elected Malcolm Dougherty to succeed H. E. Bankston as president and F. S. Flutchinson to succeed C. P. Swartz as vice president, and that the two newly elected officers were then serving in the offices to which they were elected. Gates, the third defendant, however, was re-elected secretary-treasurer. .It was held that the action had abated as to all three of the defendants inasmuch as their term of office expired during the pendency of the suit.
This is precisely the situation shown to exist here. The term for which defendants contend they were elected has expired; new elections have been held, and plaintiffs were elected to the offices in contest for the subsequent term.
The appeal is ordered dismissed at the cost of the appellants for the reason the action has abated after the judgment of the district court was rendered and after the perfection of the appeal. Accordingly, the motion to dismiss is sustained and the appeal is dismissed.
Appeal dismissed.