HARDY, Judge.
This action was instituted by plaintiff as a rule to show cause why compensation payments at the rate of $30.00 per week for a period of 400 weeks should not be decreed to be due and exigible. Named as defendants were the commercial partnership of Madden & DeWitt, and the individual members thereof, S. D. Madden and Doyle DeWitt, judgment debtors of plaintiff. After hearing on the rule there was judgment in favor of defendants and against the plaintiff in rule, from which the latter has appealed.
In this court defendants have filed a motion to dismiss the appeal, the pertinent recitals of which are as follows:
“1.
“That since the dismissal of this matter by the Tenth Judicial District Court in and for the Parish of Natchi-toches, Louisiana, that the defendants have paid to the plaintiff herein the total sum of $3,404.06, which amount is the total due the plaintiff bringing his compensation up through this date, together with all costs, interest and attorney’s fees, as is shown by writ of fi fa attached hereto.
*700 “2.
“That this sum was accepted by the plaintiff and his attorneys without reservation, and the plaintiff has likewise agreed to accept the future compensation payments as they fall due.
“3.
“That, therefore, this appeal should be dismissed at the cost of appellant.”
No objection to the motion has been filed in this court, nor has any effort been made on behalf of plaintiff to controvert the recitals made in the motion as above quoted. An appellate court is at liberty to assume that the facts set out in a motion to dismiss are admitted if the motion has been submitted without dissent by opposing counsel as to the state of facts alleged therein. State ex rel. Payne v. Irion, 163 La. 1019, 113 So. 360; Attaway v. Melton, La.App., 88 So.2d 417.
Accordingly, the motion is allowed and plaintiff’s appeal is dismissed at his cost.