PONDER, Justice.
The relator applied to this Court for a review of the judgment of the Court of Appeal sustaining a motion to dismiss his suit. He alleged that he had no notice of the filing of the motion to dismiss the suit and thereby had no opportunity to oppose it. We granted the writs because we were impressed with this contention; however, upon submission, we find that the record in this case is at variance with relator’s contention.
It appears from the record that relator obtained a judgment under the workmen’s compensation law for permanent disability. Thereafter, he obtained a rule commanding the respondents to show cause why all compensation payments, the entire amount of compensation, should not be decreed to be due and exigible under LSA-R.S. 23 :- 1333 for the reason that six successive installments had become due and remain unpaid. The district court dismissed the rule, after a hearing, and an appeal was taken by relator to the Court of Appeal. After the appeal was lodged in the court of appeal, the respondents filed a motion on February 25, 1957, to dismiss the appeal, alleging that the compensation payments had been paid up to date and had been accepted by the relator without any reservation. We note that the motion to dismiss the appeal carries the certification that a copy was mailed to opposing counsel on February 26, 1957. Two briefs were filed by respondents on March 4, 1957, in the court of appeal. It is stated in one of these briefs that the respondents filed a joint motion to dismiss the appeal because *843 the relator had accepted the past due payments without reservation. The other brief sets out substantially the same statement.
It appears that the case was submitted on briefs to the court of appeal on March 4, 1957. Judgment was handed down by the court of appeal on March 27, 1957, dismissing relator’s suit, wherein the court of appeal stated that mo objection had been made to the motion nor any effort made by relator to controvert the recitals contained in the motion.
It appears that the motion was filed long before the case was submitted by both counsel on briefs alone. The motion to dismiss was urged in respondents’ brief and it is only reasonable to assume that the relator was fully informed of the recitals contained in the motion. Relator does not now contradict the recitals contained in the motion.
Under Rule 10 of the Court of Appeal for the Second Circuit, it is provided that:
“Motions to Dismiss, Answers to Appeal, and Assignment of Error, must be in writing and filed with the Clerk of the Court within the delay fixed by law. A motion to dismiss an appeal will be tried with the merits of the case, unless, in cases within the discretion of the Court, a trial with the merits would cause unnecessary delay.”
The court of appeal, in its opinion, took the position that it was at liberty to assume that the facts set out in the motion to dismiss were admitted, if the motion was permitted to be submitted without dissent of opposing counsel, relying on State ex rel. Payne v. Irion, 163 La. 1019, 113 So. 360; Attaway v. Melton, La.App., 88 So. 2d 417.
According to our appreciation of the record in this case, the relator undoubtedly had cognizance of the facts alleged in the motion and that such a motion had been filed in the court of appeal prior to its submission.
For the reasons assigned, the judgment is affirmed at relator’s cost.