SAMUEL, Judge.
Appellant took this devolutive appeal from a judgment dismissing his application for a preliminary injunction to enjoin and restrain the sale of property under executory process. Appellee has filed a motion to dismiss the appeal on the ground that the question presented has become moot due to the fact that the sale has taken place subsequent to the appeal. Evidence to that effect is attached to the motion. Appellant has not filed an answer to the motion and has informed the court that he does not intend to file any pleadings in connection therewith.
While it is true that this' court cannot receive evidence originally nor consider as evidence documents that were not introduced in the court below, this rule has been relaxed where facts occurring subsequent to the appeal are not denied, since it would serve no useful purpose to remand a case to the trial court solely to receive evidence of facts concerning which there is no denial. See Wilson v. Wilson, 205 La. 196, 203, 17 So.2d 249, 251. An appellate court is at liberty to assume that the facts set out in a motion to dismiss are admitted .if the motion has been submitted by opposing counsel without denial of the facts alleged therein. Carpenter v. Madden, La.App., 94 So.2d 699; Attaway v. Melton, La.App., 88 So.2d 417; State ex rel. Payne v. Irion, 163 La. 1019, 113 So. 360.
We therefore accept as a fact that the sale herein sought to be enjoined has already taken place. Under such circum *128 stances, the sole question presented by this appeal being whether the trial judge properly refused to grant the preliminary injunction, the appeal must be dismissed. Unity Industrial Life Ins. Co. v. DeJoie, 197 La. 38, 200 So. 813; Bank of La Fourche v. Barrios, 167 La. 215, 118 So. 893.
Therefore it is ordered that the appeal in this case be dismissed at the cost of the appellant.
Motion maintained.