AYRES, Judge.
Asserting ownership of an undivided 14s mineral interest in a certain-described tract of land in Claiborne Parish, plaintiff sought a judgment recognizing such interest independent of any oil, gas, or mineral lease held by defendant, and particularly despite such a lease executed by one Leroy Ware. An accounting of plaintiff’s mineral interest to all the oil, gas, and minerals produced from said lands was also sought of the defendant. An exception of no cause and of no right of action was filed and urged by defendant. The exception was sustained without prejudice to plaintiff’s right to institute a new action. From this judgment, plaintiff prosecutes a devolutive appeal.
The defendant has moved in this court for a dismissal of the appeal on the ground, among others, that plaintiff has voluntarily and unconditionally acquiesced in the judgment. It was the purpose of the court, in sustaining the exception and in dismissing plaintiff’s demands as of nonsuit, to permit her to file a new suit. This, she did under date of January 30, 1962. An appeal from a judgment sustaining an exception of no cause and of no right of action in that cause, taken by plaintiff, is also before this court (Scott v. Hunt Oil Company et al., La.App., - So.2d -). Not only has plaintiff not controverted or disproved the allegations of defendant’s motion that she has voluntarily and unconditionally acquiesced in the judgment appealed, but such fact is conceded by her, and, moreover, is established by the record.
However, facts set out in a motion to dismiss an appeal may be taken as admitted where the motion is submitted without dissent from the opposing party. Carpenter v. Madden, 233 La. 840, 98 So.2d 209; La.App. 2d Cir., 1957, 94 So.2d 699 (writ granted); State ex rel. Payne v. Irion, 163 La. 1019, 113 So. 360; Hart v. Hardgrave, La.App. 2d Cir., 1958, 103 So. 2d 910; Attaway v. Melton, La.App. 2d Cir., 1956, 88 So.2d 417.
*406 Moreover, we may point out that the appeal was not timely taken. The judgment appealed was signed December 5, 1961; motion and order for the appeal were dated May 8, 1962. Hence, a delay of more than 90 days, allowed for the perfection of a devolutive appeal, intervened. LSA-C.C.P. Art. 2087.
Accordingly, the appeal must be, and it is, hereby, dismissed at plaintiff-appellant’s cost.
Appeal dismissed.