ON MOTION TO DISMISS
Before REGAN, CH AS EZ and LeSUEUR, JJ.
REGAN, Judge.
The plaintiffs, Robyn Hardy, M.D., August Perez, III, J. Gilbert Scheib, Arthur J. Simonson, John E. Sims, and W. John Tessier, filed this suit against the defendants, Jules G. Albert Jr., Dr. W. Charles Miller, Mahlon L. Oustalet, Percy H. Sit-ges, William P. Stitch and Hans S. Soren-sen, endeavoring to obtain a writ of quo warranto predicated on the lack of the defendants’ legal right to occupy the offices of Directors of Investors Homestead Association.
The defendants met the issues provoked by the plaintiffs, and after a trial in the lower court, a judgment was rendered in favor of the defendants dismissing the plaintiffs’ suit. From that judgment, the plaintiffs have prosecuted this appeal.
The defendants, in their capacity as ap-pellees in this court, have filed a motion to dismiss this appeal predicated on the hypothesis that the question posed for our consideration by the plaintiffs’ suit is now moot.
The record discloses that the contested terms of office involved commenced on January 17, 1968, and ended with the annual meeting of shareholders on January 15, 1969. Thus, the terms of office at issue have expired. The judgment in the lower court was rendered on December 17, 1968, by virtue of which the lower ¡court upheld the validity of the election of the defendants as directors of the homestead.
On January 15, 1969, the shareholders of Investors Homestead Association met and elected directors for the current term. No contest is pending with respect to the validity of this election.
It is well settled that in a quo war-ranto proceeding, the expiration of the term which is contested pending the termination of the proceeding renders it moot, and the action abates therewith. Proceedings of this nature are not continued merely to try the title to an office in the abstract. Under such circumstances, the question posed by the quo warranto proceeding becomes moot and is subject to dismissal.[1]
We are convinced that since the contested terms of the defendants have expired, and a new election has been held prior to the final determination of the issues raised in the quo warranto proceeding, the question now before us regarding the defendants’ legal right to occupy the offices of directors of the homestead is now moot, and must therefore be dismissed.
For the foregoing reasons, the plaintiffs’ appeal in this proceeding is dismissed and they are to bear all costs incurred herein.
Appeal dismissed.

. State ex rel. Davis v. Bankston, 202 La. 920, 13 So.2d 266 (1943); Attaway v. Melton, La.App., 88 So.2d 417 (1956); Fajoni v. Town of Amite City, La.App., 17 So.2d 52 (1944); and State ex rel. Bolin v. Webster Parish School Board, La.App., 150 So. 446 (1933).