BAILES, Judge.
Appellants are among the defendants in an action brought by Orleans Parish School Board to recover $790,000.00, allegedly due it because of the alleged faulty design and construction of a public school complex known as McDonogh No. 45 School. Appellants herein are Diboll-Kes-sels and Associates, a partnership, and Collins C. Diboll, Jr., and Jack J. H. Kessels, the individual partners, the architects who designed the said school.
For a cause of action against appellants, the plaintiff alleged, among other allegations, that the architects failed to design proper reinforcement for concrete members in conformity with the generally accepted practices of architects in the New Orleans area, all of which has been denied by appellants.
Upon learning that the plaintiff intended to demolish the subject school buildings, appellants petitioned the district court for a preliminary and permanent injunction to prevent the demolition and destruction of the school during the pendency of the suit brought by plaintiff.
The petition for injunctive relief was filed on May 19, 1971; the hearing on the rule to show cause was held on May 28, 1971; and on June 10, 1971, the trial court ordered that a preliminary injunction issue restraining and enjoining the Orleans Parish School Board from demolishing, destroying or damaging McDonogh No. 45 School until after July 1, 1971; otherwise, the demands of the petitioners were denied. This appeal followed.
Admittedly, the buildings involved in this litigation have been demolished. Plaintiff-appellee has filed a motion to dismiss this appeal on the ground that the object of the relief sought no longer exists, and it is therefore moot.
In their brief, appellants state that there is more involved in the ruling from which this appeal was taken than just its correctness. It is their position that the basic issue is whether the demolition of the buildings has resulted in a denial of due process of law. They argue against dismissal of this appeal if the result would be prejudicial to their contention.
It may be that the demolition of the buildings could conceivably involve and violate the due process requirements, however, it would be presumptuous, as well as premature, on our part to attempt at this time to conjecture on the procedural or ev-identiary phases of a case not yet tried on its merits in the court of original jurisdiction.
We agree the question before us on this appeal is now moot, and the appeal must be dismissed.
Appeal dismissed.