LANDRY, Judge.
Defendant (Lessee) appeals from a judgment in favor of plaintiffs (Lessor), in the sum of $700.00, decreed due by the lower court pursuant to a contract for the lease of an apartment belonging to Lessor. We affirm.
Lessee defended the action on the ground that the lease contract was breached by Lessor who failed to maintain the apartment in such condition that it could be used for its intended purpose, namely, a place of residence for Lessee and her family. According to Lessee, the breach by Lessor justified her vacating the premises and discontinuing monthly rentals. More precisely, Lessee contends the central heating system did not function properly during the extremely cold month of February, and Lessor neglected to correct this intolerable *853 condition despite repeated requests. Lessee further contends that she and members of her family contracted influenza, lost time from work, and incurred medical expense in the sum of $63.56 as a result of Lessor’s failure to repair the heating system.
Lessee cites and relies upon LSA-C.C. arts. 2692-2695, inclusive, which impose upon a Lessor the burden of maintaining the leased premises in condition suitable for its intended use. Lessee concedes, on authority of Fajoni v. Frierson, La.App., 17 So.2d 43, Reed v. Classified Parking System, La.App., 232 So.2d 103, and Purnell v. Dugue, 14 La.App. 137, 129 So. 178, that the burden rests upon Lessee to prove the alleged defective condition of the premises.
The record discloses that the testimony introduced below was neither recorded nor transcribed. In his reason for judgment, the trial court observed that its notes made during trial were unavailable and presumed lost.
At Lessee’s request, the trial court rendered a finding of fact in which the court found that Lessor produced and filed in evidence a valid lease signed by Lessee. The trial court also found that Lessee offered testimony to show that the heating system did not function properly which led to Lessee and her family catching cold and having to wear sweaters in the apartment. However, the trial court also found that the testimony offered by Lessee was not convincing. On this basis, the lower court rejected Lessee’s defense, and rendered judgment for Lessor in the sum of $700.00, said amount being fixed on the monthly rental stipulated in the lease and the length of time the apartment remained vacant.
This appeal presents purely factual issues. The trial court, which heard and observed Lessee’s witnesses, obviously rejected the evidence offered by Lessee in defense of Lessor’s action.
No citation of authority is needed to support the firmly established rule that one of the functions of a trial court is to weigh and consider the testimony offered on trial.
Equally well established is the rule that the trial court’s findings on matters of fact will not be disturbed unless found to be manifestly erroneous. Williams v. State Farm Mut. Automobile Ins. Co., La.App., 266 So.2d 718.
Our review of the record before us discloses no error whatsoever by the trial court in this instance.
The judgment is affirmed at Appellant’s cost.
Affirmed.