ON MOTION TO DISMISS APPEAL
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
Plaintiff, South Central Bell Telephone Company, instituted this suit seeking to enjoin defendants from interfering with or obstructing its entry onto property owned by defendants. Plaintiff sought to enter the property for the purpose of removing certain induction coils from a telephone cable allegedly located on a servitude of right-of-way on defendants’ property in Lafourche Parish. Plaintiff alleged that it had acquired the servitude by virtue of a written permit executed in favor of South *279 ern Bell Telephone and Telegraph Company, plaintiff’s predecessor, by Jochen Breaux, defendant’s ancestor in title, on November 29, 1956. This instrument was introduced at trial and is a part of this record. Defendants answered denying the allegations of plaintiff and asserted a demand for damages and attorney fees.
Trial was held on April 12, 1973. It was stipulated that the trial on plaintiff’s application for a permanent injunction would be consolidated with the hearing on plaintiff’s application for a preliminary injunction and that the judgment rendered therein would be the final judgment on the application for permanent injunction. Judgment was rendered by the trial court on May 2, 1973, granting a permanent injunction which prohibits defendants from interfering with or obstructing the entry by plaintiff upon defendants’ property for the purpose of excavating and removing the induction coils from the telephone cable. The judgment further provides that plaintiff must pay defendants for all damages to any building or improvement incurred as a result of the work. From this judgment defendants have devolutively appealed.
The record in this case was lodged in this court on July 17, 1973 and on July 18, 1973 plaintiff filed a motion to dismiss the appeal on the grounds of mootness. On July 20, 1973, an order was issued by this court directing the parties to show cause by briefs on or before August 8, 1973 why the appeal should' or should not be dismissed.
Plaintiff bases its motion to dismiss on allegations of fact to the effect that during the pendency of this devolutive appeal it has entered the property of defendants and completed the work on the telephone cable, thus rendering the appeal moot.
Although the record does not reflect that the property has been entered and the work completed, it has been held that an appellate court may assume that the facts set forth in a motion to dismiss are admitted as true where the facts alleged therein are not denied by the opposing party. State ex rel. Payne v. Irion, 163 La. 1019, 113 So. 360 (1927); RDM Corporation v. Macaluso, 134 So.2d 127 (4th La.App.1961). Defendants have not denied the allegations of fact set forth in plaintiff’s motion to dismiss and thus we must accept as admitted the fact that the work on the cable has now been completed. However, we cannot agree with the contention of plaintiff that this fact renders the instant appeal moot.
Without addressing ourselves to the merits of the controversy we note that the instrument of November 29, 1956 executed by Jochen Breaux, defendants’ ancestor in title, describes the property upon which the servitude of right-of-way was created in favor of plaintiff’s predecessor as being a tract of land located in Section 38, Township 13 South, Range 11 East, in Lafourche Parish, Louisiana. The testimony at trial and the final instrument in defendants’ chain of title indicates that the property presently owned and occupied by defendants and which property is claimed to be burdened with the servitude in favor of plaintiff is located in Section 44, Township 14 South, Range 20 East, in Lafourche Parish, Louisiana. Apparently the trial court determined that the servitude description as a matter of law is sufficient to be binding upon the present owners of the property.
The judgment appealed from granted a permanent injunction which would prevent defendants from obstructing entry upon their property by plaintiff forever. A permanent injunction is a final judgment which extends the life of the proceeding in which it was granted until it is either modified or revoked by the district court which issued it. Tenneco, Inc. v. Oil, Chemical, & Atomic Workers Union, Local 4-522, 234 So.2d 246 (4th La. App.1970) writ refused, 256 La. 366, 236 So.2d 499 (1970).
In the Tenneco case, supra, a permanent injunction was issued prohibiting picketing *280 by striking workers on Tenneco’s property except a portion of the property constituting the levee of the Mississippi River. It was argued that the appeal was moot because the strike had ended while the appeal was pending. In upholding the appeal the court stated:
“A permanent injunction not only guarantees that the present harm will be stopped but guards against it happening in the future.
“For these reasons, we find that the appeal of Tenneco is not rendered moot merely because the strike ended and now turn our attention to the merits of the case.” 234 So.2d at page 248.
In the case of Evangeline Downs, Inc. v. Pari-Mutuel Clerks’ Union, 191 So.2d 358 (3rd La.App.1966), a permanent injunction had been issued prohibiting the defendant union from picketing the race track. The picketing had occurred over construction work at the track which was being performed by outside contractors. On appeal a motion to dismiss was filed and the plaintiff there contended that since the track had closed for the current season and the construction work had been completed the appeal was moot. However, the court held that since the permanent injunction would prohibit the defendant union from future activities at the track the appeal was not moot.
Likewise, in the case at bar the permanent injunction has the effect of forever restricting the action of defendants in the future. If the appeal were dismissed, defendants would not be afforded an opportunity for appellate review of the correctness of the issuance of this permanent injunction 'recognizing that the plaintiff does have a servitude of right-of-way over this property.
In support of its contention that due to the completion of the work the appeal is now moot, plaintiff cites the cases of A to Z Paper Co. v. Louisiana State Board of Education, 251 So.2d 643 (1st La.App. 1971), Orleans Parish School Board v. Pittman Construction Company, Inc., 257 So.2d 782 (4th La.App.1972), and Pearce v. Stanford, 237 So.2d 419 (3rd La.App. 1970). In both the A to Z Paper Co. case and the Pearce case the appeals were brought by plaintiffs who were unsuccessful in their suits for injunctions in the trial courts. In each case the activity sought to be enjoined took place while the appeal was pending, thereby rendering the respective appeals moot. In the Orleans Parish School Board case an appeal from a judgment granting a preliminary injunction was dismissed as moot when the activity sought to be enjoined occurred after expiration of the preliminary injunction and while the appeal was pending.
In the instant case we are presented with an appeal by defendants from a judgment which granted a permanent injunction; a situation clearly not presented in any of the three cited cases.
Accordingly, for the above reasons, the motion to dismiss the appeal is overruled. The costs of this motion are assessed against plaintiff. All other costs are to await a final decision on appeal.
Motion denied.