SARTAIN, Judge.
This proceeding was initiated by James Donald Buchanan (petitioner) to temporarily restrain and preliminarily enjoin the State Civil Service Commission (Commission) from holding an “ . Executive Session to discuss the Division of Administration matter at 11:00 a. m. on February 20, 1979. ...”
In his petition he averred inter alia that the proposed meeting was in violation of specific provisions of R.S. 42:4.1 et seq. (Louisiana’s Public Meetings Law), namely, that the closed meeting was not for a purpose set forth in Section 6.1[1] and that the *1066 Commission had not taken a public vote to determine to hold a closed meeting and to declare its purpose as required by Sec. 6.[2]
The Commission’s amenability to the Public Meetings Law was raised in its peremptory exception of no cause of action.0
Following a hearing on the rule for a preliminary injunction, the trial judge for written reasons assigned sustained the Commission’s exception of no cause of action, vacated the previously issued temporary restraining order, and denied petitioner’s request for a preliminary injunction.
On petitioner’s application to this court for supervisory writs, we reversed and directed the district judge to grant the preliminary injunction and ordered the parties to show cause in this court by briefs why the relief prayed for should not be maintained or denied as their respective interests may appear.
Almost simultaneously with the lodging of the record in this court the Commission filed a motion to dismiss these proceedings on the basis that the issues raised in the district court are now moot. Attached to its motion is an affidavit of the Secretary to the Commission stating that at its regularly scheduled meeting of March 7, 1979, the Commission “ . . . abandoned any intention of holding a private meeting to discuss the issues surrounding the Division of Administration case and, to the contrary, that day did in fact discuss, deliberate and to the extent necessary decide the issues and questions raised surrounding the Division of Administration controversy. . . ” The concluding paragraph of the affidavit states:
“That the Commission as of this date [March 21, 1979] has no intention of ever rescheduling a private meeting to discuss the Division of Administration or any other matter and that there is not now pending any proposed, scheduled or unscheduled private meeting to discuss either the Division of Administration matter or any other matter within its jurisdiction.”
Since the facts which are offered in support of the Commission’s motion to dismiss occurred after the hearing in the district court and the granting of our writ, they are not reflected in the record now before us. However, since they are not denied in petitioner’s rebuttal brief we accept them as true. South Central Bell Telephone Company v. Dempster, 303 So.2d 278 (La.App. 1st Cir. 1973); State ex rel. Payne v. Irion, 163 La. 1019, 113 So. 360 (1927); RDM Corporation v. Macaluso, 134 So.2d 127 (La.App. 4th Cir. 1961).
It is well settled that the courts will not rule on questions of law which become moot since its decree will serve no useful purpose and can give no practical relief. State ex rel. Preston v. Henderson, 283 So.2d 230 (La.1973).
In the instant proceedings the only relief asked for was a restraining order and preliminary injunction against the Commission holding the above designated closed meeting. Since the Commission has already held the meeting and did so in a public manner, petitioner has in effect obtained the relief he sought. Any ruling now by us relative to the legality of the proposed closed meeting would be purely advisory, a practice the courts have consistently declined to follow. Taylor v. Louisiana Com’n on Governmental Ethics, 340 So.2d 1021 (La.App. 1st Cir. 1976); State ex rel. Preston v. Henderson, above.
*1067 Based on the language contained in the above quoted affidavit of the Secretary to the Commission, petitioner asserts that he has no assurance that the Commission will not later call another closed meeting on other matters under circumstances that he (petitioner) considers violative of the Public Meetings Statutes and that he will again be put to the task of obtaining judicial relief. He therefore urges that we rule on the basic legal question of whether the Commission is subject to the statutes. This we choose not to do as we consider the matter as between these parties moot.
Any further pronouncement by us would be in the nature of declaratory relief which cannot be granted. The present proceedings are purely summary. There has been no hearing on the merits and under the present pleadings there can not be one.
For the above reasons, the judgment of the district court granting the preliminary injunction at our direction is vacated and the writ heretofore issued herein is recalled and set aside. All costs permitted by law are assessed against the Commission.
JUDGMENT OF DISTRICT COURT VACATED AND WRIT RECALLED.

. § 6.1 Exceptions to open meetings
A. A public body may hold a meeting closed to the public pursuant to R.S. 42:6 for one or more of the following reasons:
(1) Discussion of the character, the professional competence, or physical or mental health of a single individual provided that such individual may require that such discussion be held at an open meeting;
(2) Strategy sessions or negotiations with respect to collective bargaining or litigation, when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body;
(3) Discussion regarding the report, development, or course of action regarding security personnel, plans, or devices;
(4) Investigative proceedings regarding allegations of misconduct;
(5) Cases of extraordinary emergency, which shall be limited to natural disaster, threat of epidemic, civil disturbances, suppression of insurrections, or the repelling of invasions, or other matters of similar magnitude; * * *

. § 6. Closed meetings; administrative conferences
A. A public body may hold a meeting closed to the public upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:7, of two-thirds of its voting members present. A meeting closed to the public shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1; provided, however, that no final or binding action shall be taken during such a closed meeting and that the closed meeting shall not be used as a subterfuge to defeat the purposes of this Chapter.
The reason for holding a meeting closed to the public, and the vote of each member on the question shall be stated in open meeting. Nothing in this Section or R.S. 42:6.1, shall be construed to require that any meeting be closed to the public. * * * ”