HAMITER, Justice.
Invoking and claiming benefits under a restrictive use covenant contained in the title to certain real estate situated in the City of New Orleans which defendants possess, plaintiffs seek injunctive relief herein for the protection of their property rights allegedly affected. The district court granted a writ of injunction, after trial of the merits, and defendants are appealing.
Since the record contains no proof, and it does not otherwise affirmatively disclose, that the property rights sought to be protected are valued in excess of $2,000 (our jurisdictional minimum), we cannot entertain the appeal.
*794 True, the petition does allege that the “property rights herein involved are far in excess of $5,000 and that the continued violation of the said restrictions and covenants as hereinabove set out will cause to your petitioners and to each of them irreparable damage and injury far in excess of $5,000 * * Also, a stipulation of counsel, entered at the commencement of the trial, recites that “plaintiffs’ property rights are in excess of $5,000.” However, the allegations of the petition were categorically denied in the answer; and the mentioned stipulation is without effect, consent of the parties being inappropriate and insufficient for conferring appellate jurisdiction. Supporting such conclusion are many recent decisions of this court. See Castleberry v. Ethridge, 223 La. 466, 65 So.2d 138; Wainer v. Kirn, 223 La. 669, 66 So.2d 587 (and cases therein cited); State ex rel. Schwehm v. Morrison, 224 La. 811, 70 So.2d 881.
Therefore, it is ordered that this cause be transferred to the Court of Appeal, Orleans Circuit, pursuant to the provisions of LSA-R.S. 13:4441 and 4442, the record to be filed in such court by appellants within thirty days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. Appellants shall pay the costs of the appeal to this court, and all other costs shall await final disposition of the case. .
HAWTHORNE, J., absent.