84 So.2d 185

### SIXTH BAPTIST CHURCH OF NEW ORLEANS

v.

**Sterling CINCORE et al.**

No. 41698.

Dec. 12, 1955.

Gatlin & Murphy, New Orleans, for plaintiff-appellant.

Rudolph F. Becker, Jr., New Orleans, for defendants-appellees.

McCALEB, Justice.

This is a suit brought on behalf of the Sixth Baptist Church of New Orleans, a nonprofit, religious corporation, for an injunction against several of its members who are allegedly assuming to act as officers of the corporation and to conduct its affairs when they have not been duly elected and constituted as such as provided by its Charter.

Conformably with the prayer of the petition, a rule issued for the defendants to show cause why they should not be restrained in their actions and particularly from dissipating certain funds amounting to $1,275.

Defendants filed exceptions of vagueness and no right or cause of action to the petition and, on the day that these exceptions were set for trial, counsel for the opposing litigants agreed in open court that there would be a new election of members of the "Board of Trustees" of the Church and that this election should be called and held under the direction of the Court. The judge, acting approvingly on this stipulation, forthwith ordered that an election of officers be held under certain conditions set forth by him. However, the election did not materialize as the litigants could not agree upon the qualifications necessary to entitle the members of the congregation to vote. Counsel for plaintiff then submitted to the Court a list of members whom they contended were qualified to vote and obtained a rule for defendants to show cause why these persons should not be declared eligible. Following a hearing, the rule was dismissed and it is from that judgment that plaintiffs now prosecute this appeal.

It will be seen from the foregoing that the action has lost its original purpose, having been converted into an extrajudicial election contest. In any case, it is clear that this Court is without appellate jurisdiction as the only basis upon which review here is sought is that the amount in dispute exceeds $2,000. An examination of the original demand discloses that plaintiff is seeking enforcement of a civil right to effectuate the ouster of defendants who, it is claimed, are usurping the offices of the corporation. There is neither allegation nor proof exhibiting that either plaintiff or defendants will sustain monetary loss by reason of the litigation. Without a showing of the value of the right in contest, this court is without jurisdiction. See H. G. Hill Stores Realty Co. v. Latter, 227 La. 791, 80 So.2d 410 and City of New Orleans v. La Nasa, 227 La. 953, 81 So.2d 7 and authorities cited in those matters.

It is therefore ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, provided that the record is filed in that Court within thirty days from the date of the finality of this decree, otherwise, the appeal shall be dismissed. The costs incurred in this Court are to be paid by appellant.