REGAN, Judge.
This is an appeal from a judgment rendered in a suit attacking the substantive validity of certain trust provisions contained in a testament confected in the statutory form by Mrs. Madeleine Bourne Hackett. The interesting questions which ordinarily would have been posed for our consideration are: (1) the existence of an alleged substitution contained within the testament and (2) the existence vel non of a conflict in the dispositive provisions of said testament.
In the course of oral argument before this court, counsel for the defendant, Richard Alexander Blackett, dramatically informed us that one of the witnesses to Mrs. Hackett’s testament was also a named legatee therein, thereby rendering the will invalid.[1]
Respective counsel failed to notice this fact during the trial in the lower court. The briefs which were submitted to us on appeal did not even allude to this error. Defendant’s counsel discovered the invalidity the night before the case was fixed for argument here.
The notary public before whom the will was executed was present in this court and voluntarily acknowledged the fact that the legatee and the witness, in his opinion, are the same person.
In view of the foregoing admission, we are compelled to remand the case to the lower court in order that évidence may be adduced therein to prove 'the identity of the legatee and the said witness, and thereafter to determine the validity of the will which forms the subject matter hereof.
For the reasons assigned, this case is remanded to the district court for the purpose of adducing evidence to judicially prove the identity of the witness and the legatee named in the will of the testatrix, and for such additional proceedings as the nature of the case may ultimately require.
Remanded.

. O.O. Art. 1592 provides: “Neither can testaments be witnessed by those who are constituted heirs or named legatees, under whatsoever title it may be.”