WARD, Judge.
The executrix of this succession appeals the denial of an exception of no cause of action which she filed in opposition to a petition to annul the will. The appeal was granted despite the rule that such an interlocutory judgment is appealable only if irreparable injury will result. La.C.C.P. art. 2083; Rapides Central Railway Co. v. Missouri Pacific Railway Co., 207 La. 870, 22 So.2d 200 (1945). We dismiss the appeal.
Recognizing that irreparable harm must be shown, Appellant asserted in her petition for appeal, that “it will be impossible to administer the succession until there is a determination of the validity of the last will and testament_” Additionally, the parties are willing to “stipulate” that the denial of the exception is a final judgment, properly before us on appeal, and that no evidence would be offered at a trial on the merits. It is argued that judicial efficiency demands an expeditious determination of the will’s validity and that this court can make that determination in the present appeal.
We disagree. The law does not allow appeals from interlocutory decrees to interrupt proceedings in cases where the right to appeal from a final judgment adequately protects the would-be appellant’s rights. In this case, the Trial Court’s denial of the exception merely allows the challenge to the will’s validity to proceed to the merits. The executrix may continue to administer the succession until a final judg *444 ment declares the will null. Then, if the' executrix desires to appeal to this Court, we will have before us the question of the will’s validity, an issue we cannot consider in the present procedural posture of the case.
We have made our decision to dismiss the appeal despite the parties’ willingness to submit the merits of their dispute to this Court. We are not authorized to decide questions not yet considered by the Trial Courts. We have no original jurisdiction; there are no standards to apply in deciding a question of first instance in this Court; and consent of the parties is inappropriate and insufficient to confer jurisdiction. See H. G. Hill Stores Realty Co. v. Latter, 227 La. 791, 80 So.2d 410 (1955).
Accordingly, the appeal is dismissed and the matter is remanded to the Trial Court. All costs of appeal to be paid by Emma Leonard Gresham.
APPEAL DISMISSED; CASE REMANDED.