CIACCIO, Judge.
In this case we are called upon to determine the validity of a Louisiana statutory will which requires that the will must be executed before a notary and two witnesses. One of the required witnesses to this will was the sole legatee, wife of the testator. At the time the will was executed, the Statute did not declare any person incapable of being a witness, and the issue is whether those persons who were declared incapable of being witnesses to testaments authorized by the Civil Code were incapable of witnessing a statutory will.
On July 28, 1955, Charles Reed Gresham executed a statutory will drafted in accordance with La.R.S. 9:2442. The will bequeathed the entire estate to Emma Leonard Gresham, the testator’s second wife, and named her executrix. The will was witnessed by two persons, one of whom was Emma Leonard Gresham. Charles Gresham died on April 15, 1979. The 1955 will was admitted to probate, and Emma Leonard Gresham was confirmed as testamentary executrix. Claire Stewart Hart-zell, sole child of the testator, filed a petition to annul the will. In response to this petition, the widow executrix filed an exception of no cause of action which was denied by the Trial Court. This Court dismissed Mrs. Gresham’s appeal from that ruling as an interlocutory judgment causing no irreparable harm. Succession of Gresham, 480 So.2d 443 (La.App. 4th Cir. 1985). The Trial Judge later dismissed the petition to annul the will, noting however that the bequest of the entire estate to Mrs. Gresham impinged upon the legitime of the forced heir, Mrs. Hartzell. In his reasons for judgment, the Trial Judge stated:
Decedent’s will was executed in the form of a statutory will (R.S. 9:2442), on July 28, 1955. His wife, the universal legatee, was one of the witnesses to the will. Under the laws applicable at that time, decedent’s will is valid.
Nothing in the statute in 1955 disqualified a legatee from witnessing a statutory will. Civil Code Article 1592 did not apply to statutory wills at that time. When the statute was amended in 1974, the Act was not given retroactive application; therefore, Mr. Gresham’s will is valid under the law that existed at its confection.
Mrs. Hartzell appeals, asserting that the legacy to Mrs. Gresham, or in the alternative the entire will, should be annulled because a named legatee may not be a witness to a will, and further, that the law at the time of the will’s execution did not permit a married woman to be a witness to the will of her husband.
We affirm the Trial Court judgment.
The Louisiana Statutory Wills Act (R.S. 9:2442 et seq.), as enacted in 1952 and as in effect in 1955 when Mr. Gresham made his will, did not expressly provide qualifications for the two attesting witnesses nor declare any person incapable of witnessing the testament.
The identical issue presented in this case was considered by this Court in the case of Woodfork v. Sanders, 248 So.2d 419 (La.App. 4th Cir.), cert, denied 252 *158 So.2d 455 (La.1971), wherein the validity of a statutory will was attacked because the universal legatee was one of the attesting witnesses to the will. Woodfork held that the codal qualifications for testamentary witnesses were inapplicable to a statutory will. The opinion specifically held that the prohibition against legatees witnessing testaments found in C.C. Art. 1592 has no application to statutory wills.[1]
Counsel for appellant relies upon language contained in the Supreme Court opinion rendered in Succession of Eck, 233 La. 764, 98 So.2d 181 (1957), to urge a result contrary to Woodfork. However, both the Eck opinion and the case of Succession of Hackett, 187 So.2d 485 (La.App. 4th Cir.1966), were considered by the Woodfork Court and were either distinguished or found not to be controlling. The Supreme Court denied the writ application although the Eck and Hackett cases were extensively discussed in the Wood-fork opinion.
In order to reverse the trial judge we must overrule Woodfork. We decline to do so as we find that it is the correct statement of law for wills executed prior to the 1964 and 1974 amendments of the Statutory Wills Act. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
WARD, J., dissents and assigns reasons.
ARMSTRONG, J., dissents for the reasons assigned by WARD, J.

. Although Woodfork was legislatively overruled by Act 246, Sec. 1 of 1974 which amended R.S. 9:2442, to expressly provide that a "statutory will ... shall be executed in the presence of a notary and two competent witnesses not otherwise disqualified under Article 1591 and 1592 of the Civil Code ...", the act was not made retroactive and is not controlling in this case involving a will executed in 1955.